UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-00610-JLS-ADS                                           Date: August 29, 2019
Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                              Not Present

**PROCEEDINGS:**   (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 17)

   Before the Court is a Motion to Dismiss filed by Defendant LG Electronics U.S.A., Inc. ("LG"). (Mot., Doc. 17; Mem., Doc. 17-1.) Plaintiffs Gary Sosenko, Diane Terry, and Michael Burrage opposed. (Opp., Doc. 21.) Defendant replied. (Reply, Doc. 23.) Having reviewed the parties' briefs and taken the matter under submission, for the reasons below, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

**I.    Background**

   Plaintiffs are purchasers of refrigerators manufactured by Defendant. (Compl., Doc. 1 ¶¶ 13, 21, 26.) Sosenko alleges that he purchased an LG refrigerator for approximately $2,600 from a third-party retailer on May 26, 2016. (*Id.* ¶ 13.) Prior to and shortly after purchase, Sosenko saw sales and marketing materials touting the quality and functionality of the refrigerator. (*Id.* ¶¶ 13-14.) The refrigerator he purchased, however, had been re-branded by the retailer and there are no indications in the Complaint that the materials he saw were attributable to Defendant. (*See id.*) Sosenko alleges that he never saw any disclosure that the refrigerator is prone to compressor failure. (*Id.* ¶ 14.) Burrage and Terry allege that they purchased LG refrigerators from third-party retailers on September 28, 2015 and June 28, 2016, respectively; Burrage paid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00610-JLS-ADS                               Date: August 29, 2019
Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc.

approximately $2,250 and Terry paid approximately $3,200.  (*Id.* ¶¶ 21, 26.)  Both Burrage and Terry allege that they received information from Defendant in connection with their respective sales, and each alleges that neither those materials nor any other source disclosed that the refrigerators' compressors were defective and prone to failure.  (*Id.* ¶¶ 22, 27.)

Plaintiffs allege that each of their refrigerators suffered one or more compressor failures within three years of purchase causing the units to inadequately chill Plaintiffs' food.  (*Id.* ¶¶ 15-16,19, 23-24, 28, 30, 32.)  Plaintiffs each paid to have the failed compressors replaced and were left without functioning refrigerators for days or weeks until the repairs were completed.  (*Id.* ¶¶ 16-19, 24, 29-32.)  Plaintiffs allege that they would not have purchased the refrigerators had they known the compressors were defective and prone to failure.  (*Id.* ¶¶ 20, 25, 33.)  They further allege that industry-standard refrigerators should not have any major failures within the first 10 years of use.  (*Id.* ¶ 37.)

Plaintiffs allege that Defendant had exclusive knowledge of the compressor defect.  (*Id.* ¶¶ 57-67.)  Specifically, Plaintiffs allege that there have been "thousands of complaints" and reports made to Defendant, dating back "several years," from both repair technicians and consumers regarding problems with LG refrigerators, including frequent compressor failure.  (*Id.* ¶ 57.)  Plaintiffs provide one such anecdote from a former LG-authorized repair technician and 19 consumer complaints.  (*Id.*)  Plaintiffs also allege that multiple media outlets have run stories regarding frequent compressor failure and other problems with LG refrigerators.  (*Id.* ¶¶ 61-63.)  Plaintiffs further allege that recent litigation concerning defects in the same refrigerators, *Clark v. LG Elecs. USA, Inc.*, No. 3:13-CV-485-JM-JMA, provided Defendant "notice of the widespread failures of its refrigerators containing the defective compressors."  (*Id.* ¶ 64.)  Finally, Plaintiffs allege that Defendant conducted force tests and other standard reliability tests on the compressors during the design and manufacturing processes, as well as that a 2002 white paper prepared by LG personnel states that the compressors at issue "must also satisfy other, more intensive reliability tests," and that Defendant gained knowledge of the alleged defect through such testing.  (*Id.* ¶¶ 65-66.)

Plaintiffs filed the instant putative class action on April 1, 2019.  The Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00610-JLS-ADS						Date: August 29, 2019
Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc.

brings five causes of action: (1) breach of implied warranty under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1792 *et seq.*; (2) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*; (3) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (4) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (5) common law fraud by concealment. (*See* Compl. ¶¶ 84-145.)

Defendant now moves to dismiss the Complaint in its entirety. (Mot. at 1.)

## II.     Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010). Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A plaintiff must not merely allege conduct that is conceivable; "[w]hen a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

This "plausibility" standard, however, is replaced by Rule 9(b)'s heightened "particularity" pleading standard for claims sounding in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Under Rule 9(b), a plaintiff must explain "'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00610-JLS-ADS            Date: August 29, 2019
Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc.

### III. Discussion

       **A.**        **Fraud-Based Claims**

             **1.**        **Standing and Reliance**

       As an initial matter, Defendant challenges Sosenko's Article III standing to bring his CLRA, UCL, and common law fraud claims. (Mem. at 16-18; Reply at 4-5.) Article III standing has three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Defendant argues that Sosenko does not meet the second element of standing—traceability—because he did not purchase his LG refrigerator directly from Defendant nor view any of Defendant's marketing materials prior to purchase, and Sosenko's injuries are therefore not fairly traceable to any representations or omissions made by Defendant. (Mem. at 16-18; Reply at 4-5.)

       Defendant's argument, however, conflates elements of standing with elements of the underlying causes of action. Like the other two Plaintiffs, Sosenko alleges that he was injured by paying money for a refrigerator that he would not have paid if Defendant—the refrigerator's manufacturer with alleged exclusive knowledge of the defect—had disclosed to him that the refrigerator suffered from the alleged defect. This is enough for Article III standing. *See In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 947-49 (N.D. Cal. 2018). Whether such nondisclosure is enough to state a claim for relief is a question of substantive law under the alleged causes of action.

       Constitutional standing aside, however, under both the CLRA and UCL, "[a]n essential element for a fraudulent omission claim is actual reliance." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). "To prove reliance on an omission, a plaintiff must show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury-producing conduct. A plaintiff need not prove that the omission was the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00610-JLS-ADS | Date: August 29, 2019 |
| Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc. | |

only cause or even the predominant cause, only that it was a substantial factor in his decision. A plaintiff may do so by simply proving that, had the omitted information been disclosed, one would have been aware of it and behaved differently." *Id.* (internal quotation marks and citations omitted). The same reliance requirement also applies to common law fraudulent omission claims. *See Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1091-92 (1993); *Jordan v. Paul Financial, LLC,* 285 F.R.D. 435, 454 (N.D. Cal. 2012).

Defendant argues that Sosenko would not have been aware of any disclosure by Defendant because he does not allege to have seen any advertisements, marketing materials, brochures, manuals, or other disseminations of information made *by Defendant*, where such a disclosure would presumably be made.[1] (*See* Mem. at 16-18; Reply at 4-5.) Plaintiff contends that disclosure would have been made in the third-party materials that Sosenko allegedly viewed in connection with his purchase. (*See* Opp. at 20-21.)

Although some courts have suggested that reliance in the fraud-by-omission context requires a plaintiff to have come into contact with the defendant's own marketing materials, *see, e.g.*, *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 919-20 (C.D. Cal. 2010), more recent—and more persuasive—authority has explicitly rejected that suggestion and concluded that a plausible inference of awareness arises where either (1) the plaintiff interacted with authorized retailers and received information regarding the defective product from them at the time of purchase or (2) the defect is so widespread and egregious that media reports likely would have covered its disclosure. *In re Chrysler-Dodge-Jeep*, 295 F. Supp. 3d at 1014-15 (citing *Daniel*, 806 F.3d at 1226). Here, Sosenko pleads both interaction with an authorized retailer *and* subsequent media coverage of the alleged defect. Accordingly, he adequately pleads reliance on Defendant's nondisclosure.

___

[1] Defendant does not challenge that Burrage or Terry sufficiently plead reliance on Defendant's alleged nondisclosure inasmuch as they allege to have viewed materials provided by Defendant in which a disclosure might have been made.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00610-JLS-ADS | Date: August 29, 2019 |
| Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc. | |

### 2. CLRA and UCL Claims

Fraud claims under the CLRA and UCL "are governed by the 'reasonable consumer' test." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.,* 68 F.3d 285, 289). "Under the reasonable consumer standard, [Plaintiffs] must 'show that members of the public are likely to be deceived.'" *Id.* (quoting *Freeman,* 68 F.3d at 28); *see also Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). Plaintiffs allege only fraud-by-omission and not fraud-by-affirmative-misrepresentation. (*See* Compl. ¶¶ 105-113, 125-32; Opp. at 15-17.)

"For an omission to be actionable under the CLRA and UCL, 'the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose.'" *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1134 (N.D. Cal. 2013) (quoting *Daugherty v. American Honda Motor Co.,* 144 Cal. App. 4th 824, 835 (2006)). "[A] failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone within the meaning of the UCL." *Daugherty*, 144 Cal. App. 4th at 838. "A failure to disclose a fact can constitute actionable fraud or deceit in four circumstances: (1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed." *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255-56 (2011) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997)).[2]

___

[2] In *Wilson v. Hewlett-Packard Co.*, the Ninth Circuit held that California law further limited a manufacturer's duty to disclose a defect manifesting outside the express warranty period to circumstances in which the defect caused an unreasonable safety hazard. 668 F.3d 1136, 1141-43 (9th Cir. 2012). In *Hodsdon v. Mars, Inc.*, however, the Ninth Circuit recognized developments in California law and relaxed *Wilson*'s safety hazard requirement in holding that manufacturers may also have a duty to disclose defects manifesting beyond the express warranty period that affect a product's "central functionality." 891 F.3d 857, 861-64 (9th Cir. 2018) (discussing *Collins*, 202 Cal. App. 4th 249 (2011) and *Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th1164 (2015)); *see also In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1175-76 (N.D. Cal. 2019). Defendant does not argue that *Wilson*'s safety hazard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00610-JLS-ADS                                    Date: August 29, 2019
Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc.

      Defendant first argues that Plaintiffs have not sufficiently alleged a particular defect that would trigger a duty to disclose under *any* circumstances. (Mem. at 7-9.) Although Defendant effectively concedes that Plaintiffs adequately allege that their refrigerators are defective by virtue of being manufactured with compressors that are prone to failure—and that did in fact fail—Defendant insists that Plaintiffs must identify with further particularity the part *of the compressor* that supposedly led to such failure. (*Id.*; Reply at 1-2.) The Court rejects this argument. To be sure, a plaintiff alleging the existence of a defect must do so in more than a generalized "my product is not working and therefore must be defective" fashion, but he "is not required to plead the mechanical details of an alleged defect in order to state a claim." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1237 n.60 (C.D. Cal. 2011) (citing *Ehrlich*, 801 F. Supp. 2d at 912). Defendant's proposed requirement that Plaintiffs identify a defective subpart of a defective component of the product at issue is not required, even under Rule 9(b)'s heightened pleading standard.[3]

      Inasmuch as Plaintiffs adequately allege a defect, the parties' primary dispute is whether Plaintiffs sufficiently allege Defendant's "exclusive knowledge" of the compressor defects and resulting duty to disclose such defects. (Mem. at 9-13; Opp. at 10-15.) Unlike the *circumstances* of fraud, which must be alleged with particularity, knowledge and other *scienter* elements may be alleged generally. Fed. R. Civ. P. 9(b). Yet, sufficient allegations that a manufacturer knew of a defect at the time of sale cannot be mere assertions of such knowledge based on the manufacturer's presumed superior knowledge of its own products; to survive a motion to dismiss, a plaintiff must provide a plausible factual basis to infer that the manufacturer was actually aware of the defect.

---

requirement applies here. Hence, the court assumes, for purposes of this Motion, that Defendant concedes that Plaintiffs sufficiently allege either (1) that Plaintiffs' refrigerators were subject to Defendants' express warranty when the alleged defect manifested, meaning *Wilson* does not apply at the outset, or (2) that the alleged defect resulting in compressor failure affects the refrigerators' central functionality, and *Hodson*'s exception to *Wilson* therefore applies.

[3] Regardless, the Complaint does provide some detail on the precise mechanics by which the compressors are prone to failure, including a combination of leaky hoses that cause pressure build-up and weak valves that cannot adequately withstand the additional pressure. (*See* Compl. ¶¶ 48-53.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00610-JLS-ADS | Date: August 29, 2019 |
| Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc. | |

*See Wilson*, 668 F.3d at 1145-48.

Plaintiff first cites to reports of compressor failures that were allegedly made to Defendant by consumers and Defendant's authorized third-party technicians. (Opp. at 11-13.) A substantial weight of user complaints about a defect may support an inference of the manufacturer's knowledge of that defect. *See Wilson*, 668 F.3d at 1147 (citing *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1096 (N.D. Cal. 2007)). But complaints do little to establish such knowledge where the plaintiff does not allege that the complaints were (1) communicated to the manufacturer (2) prior to the plaintiff's purchase of the allegedly defective product. *See id.* at 1147-48 (citing *Baba v. Hewlett-Packard Co.*, at *4-5 (N.D. Cal. June 16, 2010)).

Along with generalized allegations that repair personnel witnessed rampant compressor failure in the course of their work, the Complaint identifies only one specific grievance by a former LG-authorized repair technician who allegedly stopped doing business with Defendant due to business difficulties associated with the high compressor failure rates he confronted on the job. (Compl. ¶ 56.) Plaintiffs do not allege, however, that this technician reported this perceived prevalence of compressor failure to Defendant. Even assuming that repair requests made to an authorized third-party technician would be reported to Defendant as a matter of course, however, Plaintiff do not allege that any such reporting by this or any other technician occurred prior to their refrigerator purchases. Therefore, Plaintiffs' allegations regarding technician reporting do not support an inference that Defendant knew of the alleged defect when Plaintiffs made their refrigerator purchases.

The Complaint identifies 19 consumer grievances and the dates on which such grievances were allegedly made. (Compl. ¶ 57.) Although Plaintiffs do not allege *where* the grievances were made—*e.g.,* whether they were posted on Defendant's website or simply yelled into the void—seven of the alleged complaints both (1) predate at least one Plaintiff's refrigerator purchase and (2) indicate that the consumer-complainants informed Defendant of their compressor failures—that is, these complaints internally describe efforts to report the alleged defect to Defendant, even if the subsequently-posted grievances were not actually delivered to Defendant. These pre-purchase consumer complaints lend support to an inference that Defendant knew of the alleged defect when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00610-JLS-ADS  Date: August 29, 2019
Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc.

Plaintiffs made their refrigerator purchases.

Plaintiffs next point to news reports of the widespread compressor failures and the *Clark* litigation as further noticing Defendant of the defect at issue. (Opp. at 13-15; Compl. ¶¶ 61-64.) Neither of these sources support an inference of Defendant's knowledge of the compressor defect, however, because the alleged news reports are either undated or post-date Plaintiffs' purchases and, as Plaintiffs concede, the *Clark* litigation settled before it was determined whether a compressor defect played a role in the alleged refrigerator failures at issue there.

Finally, Plaintiffs allege that Defendant subjected its compressors to both industry-standard force tests and "more invasive" reliability tests—as described in a publication authored by Defendant's engineers—during the design and manufacturing processes. (Compl. ¶¶ 65-66.) These allegations of particular testing protocols aimed at the allegedly defective part are more than mere speculation that Defendant acquired knowledge of that specific defect simply by virtue of being the product's designer and manufacture, *cf. Wilson*, 668 F.3d at 1147, and aid an inference that Defendant knew of the alleged defect when Plaintiffs made their refrigerator purchases

In sum, the Court concludes that Plaintiffs' allegations that (1) numerous consumer complaints about compressor failures were communicated to Defendant prior to Plaintiffs' purchases and (2) Defendant subjected the compressors to rigorous testing during the design and manufacturing processes amount to a plausible inference that Defendant knew of the alleged compressor defect when Plaintiffs purchased their refrigerators. *See Falk*, 496 F. Supp. 2d at 1096-97. Such knowledge was unavailable to Plaintiffs, who were neither on the receiving end of the consumer reports nor privy to Defendant's internal test results. *See id.* Defendant therefore had a duty to disclose the alleged defect and Defendant's failure to do so is actionable fraud-by-omission under the CLRA and UCL.[4]

Accordingly, Defendant's Motion is denied with respect to Plaintiffs' CLRA and

---

[4] Plaintiffs also argue that Defendant had a duty to disclose the alleged defect because Defendant made partial representations to Plaintiffs regarding the durability of the refrigerators. (*See* Opp. at 15-17.) Because Plaintiffs sufficiently plead Defendant's duty to disclose the alleged defect by virtue of exclusive knowledge, however, the Court need not address that alternative theory of omission liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00610-JLS-ADS　　　　　　　　　　　　　　　Date: August 29, 2019
Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc.

UCL claims.

### 3.　　**Common Law Fraud**

"[I]n order to prevail on a common law fraudulent omission claim, a plaintiff must show the following: '(1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.'" *Elias*, 950 F. Supp. 2d at 1135 (quoting *Jordan*, 285 F.R.D. at 454). The first, second and fourth elements are coextensive with elements under the CLRA and UCL and are sufficiently pleaded, as discussed above. As to the fifth element, Defendant does not dispute that Plaintiffs sustained damage. Hence, the viability of Plaintiffs' common law fraud claims turns on the third element—*i.e.*, whether Plaintiffs sufficiently plead Defendant's intent to fraudulently conceal the alleged defect.

Plaintiffs argue that such fraudulent intent can be inferred from Plaintiffs' allegations of "(1) [Defendant]'s refusal to disclose the defect, (2) the absence of any public recall or other program, and (3) [Defendant]'s decision to continue replacing defective components with other defective components." (Opp. at 18.) The Court agrees. As noted above, fraudulent intent need not be pleaded with particularity, and numerous courts have made the same inferences of intent that Plaintiffs request here. *See Salas v. Toyota Motor Sales, U.S.A., Inc.*, 2016 WL 7486600, at *11 (C.D. Cal. Sept. 27, 2016); *Falk*, 496 F. Supp. 2d at 1096-97; *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 999 (N.D. Cal. 2013); *see also Ehrlich*, 801 F. Supp. 2d at 919.

Accordingly, Defendant's Motion is denied with respect to Plaintiffs' common law fraud claim.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00610-JLS-ADS | Date: August 29, 2019 |
| Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc. | |

### B. Song-Beverly Act Claims

"The California Commercial Code implies a warranty of merchantability that goods 'are fit for ordinary purposes for which such goods are used.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (quoting Cal. Com. Code § 2314(2)(c)).[5] "The implied warranty provides for a minimum level of quality . . . [and] [a] breach of the warranty of merchantability occurs if the product lacks even the most basic degree of fitness for ordinary use." *Id.* (internal quotation marks and citations omitted.) "The mere manifestation of a defect by itself does not constitute a breach the implied warranty of merchantability. Instead, there must be a fundamental defect that renders the product unfit for its ordinary purpose." *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *8 (N.D. Cal. June 5, 2009) (citing *Am. Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 1295 (1995)). "At the same time, this does not mean the alleged defect must preclude any use of the product at all." *Id.* (citing *Isip v. Mercedes–Benz USA, LLC*, 155 Cal. App. 4th 19, 26 (2007)).

Defendant argues that Plaintiffs do not allege that their refrigerators have altogether failed or are plagued by problems so persistent as to render them unfit for their ordinary purpose of chilling food. (Mem. at 19-20; Reply at 7.) This argument is undone by the face of the Complaint and common sense. The ordinary purpose of a refrigerator is to *consistently* chill food. Plaintiffs each plead that their respective refrigerators experienced total failure resulting in the inability to chill food on one or more occasions. (Compl. ¶¶ 15-16,19, 23-24, 28, 30, 32.) That Plaintiffs were ultimately able to repair their refrigerators and resume chilling their food says nothing about the fundamental nature of the alleged defect.

Accordingly, Defendant's motion is denied with respect to Plaintiffs' Song-

___

[5] The Song-Beverly Act incorporates the substantive elements of a breach of implied warranty of merchantability claim under the California Commercial Code. *Id.* at 958 n.2. As noted by the court in the *Clark* litigation, however, the Song-Beverly Act does not import the California Commercial Code's vertical privity requirement for such claims. 2013 WL 5816410, at *10 (S.D. Cal. Oct. 29, 2013) (collecting cases and "follow[ing] other courts that have considered implied warranty claims under the Song-Beverly Act specifically and concluded the statutory language does not impose a privity requirement").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:19-cv-00610-JLS-ADS | Date: August 29, 2019 |
| Title: Gary Sosenko et al. v. LG Electronics U.S.A., Inc. | |

Beverly Act claims.

### C. MMWA Claims

The MMWA explicitly divests federal courts of jurisdiction over MMWA claims in suits brought as class actions with fewer than 100 named plaintiffs. 15 U.S.C. § 2310(d)(3)(C). Citing primarily out-of-circuit authority, Plaintiffs argue that this jurisdictional requirement was effectively overridden by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which the parties do not dispute otherwise vests the Court with jurisdiction over this action. (*See* Opp. at 23-24.) The Court, however, agrees with the mounting weight of authority from district courts in the Ninth Circuit that CAFA does not supplant the MMWA's internal jurisdictional requirements. *See MacDougall v. Am. Honda Motor Co.*, 2017 WL 8236359, at *4 (C.D. Cal. Dec. 4, 2017); *Floyd v. Am. Honda Motor Co.*, 2018 WL 6118582, at *4 (C.D. Cal. June 13, 2018); *see also Cadena v. Am. Honda Motor Co.*, 2019 WL 3059931, at *11 (C.D. Cal. May 29, 2019); *Patterson v. RW Direct, Inc.*, 2018 WL 6106379, at *2 (N.D. Cal. Nov. 21, 2018); *Alvandi v. CVS Pharmacy, Inc.*, 2015 WL 3407899, at *5 (C.D. Cal. May 27, 2015).

Accordingly, Plaintiffs' MMWA claims are dismissed without prejudice.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion as to Plaintiffs' MMWA claims, and those claims are DISMISSED WITHOUT PREJUDICE; the Court DENIES the Motion in all other respects.

Initials of Preparer: tg