Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SOSENKO, DIANE TERRY, and MICHAEL BURRAGE, on behalf of themselves and all others similarly situated, | Case No.: 8-19-cv-00610-JLS (ADSx) |
| | **Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth** |
| Plaintiffs, | **JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| LG ELECTRONICS U.S.A., INC. | Date:   October 2, 2019 |
| Defendant. | Time:   10:00 a.m. |
| | Ctrm:   6B, 6th Floor |
| | Judge:  Honorable Autumn D. Spaeth |
| | Discovery cutoff:   July 3, 2020 |
| | Pretrial conference:  November 20, 2020 |
| | Trial:   None set |

# TABLE OF CONTENTS

I.   INTRODUCTORY STATEMENTS...................................................... 1

    A.   Plaintiffs' Introductory Statement ........................................ 1

        1.   Case Background ......................................................1

        2.   Discovery to Date......................................................2

    B.   Defendant's Introductory Statement ........................................ 3

II.  SPECIFIC ISSUES IN DISPUTE ..................................................... 7

    A.   Fed. R. Civ. P. 34(b)(2)(B), (C) ........................................... 7

        a.   *End date for production* ..................................................7

            1.   Plaintiffs' Position ...............................................7

            2.   Defendant's Position............................................21

        b.   *Withholding of responsive materials on the basis of objections* ......25

            1.   Plaintiffs' Position ...............................................25

            2.   Defendant's Position............................................26

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

I.   **INTRODUCTORY STATEMENTS**

   A.   **Plaintiffs' Introductory Statement**

      1.   <u>Case Background</u>

   Plaintiffs allege that refrigerators manufactured by LG and equipped with LG's proprietary linear compressor (the "LG Refrigerators") are defective and prone to fail. Plaintiffs allege that the linear compressor—the primary component responsible for cooling—fails as a result of excess pressure buildup caused by defective components. When failure occurs, the refrigerators cannot keep food or beverages cold, and consumers are left without a means of preserving food and beverages as they await repairs. Plaintiffs allege that LG's attempts to repair the refrigerators are ineffective, as LG replaces its allegedly defective compressors with the same compressors, resulting in consumers experiencing repeat failure.  Thousands of consumers and LG-authorized repair personnel have reported such failures directly to LG.

   Plaintiffs allege that LG has known for years that the linear compressor technology in its refrigerators is defective.  But instead of disclosing the defect or providing an effective remedy to its customers, LG continues to sell these defective products at premium prices ranging from $1,400 to $7,000.  Plaintiffs bring California warranty and consumer protection claims seeking point-of-sale overpayment damages for a class of similarly situated purchasers in California.

   Plaintiffs filed their class action complaint on April 2, 2019.  Doc. 1.  LG moved to dismiss on June 12.  Doc. 17.  On August 29, the District Court issued an order denying LG's motion except with regard to Plaintiffs' claim under the Magnuson-Moss Warranty Act, which the Court dismissed without prejudice.  Doc. 36.  The Court held, in part, that

   "Plaintiffs adequately allege that their refrigerators are defective by virtue of being manufactured with compressors that are prone to failure—and that did in fact fail." *Id*. at 7.

   Attached to this Joint Stipulation as Exhibit 1 is a copy of the Court's Scheduling Order for this case.  Doc. 24.

1

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

### 2. Discovery to Date

On May 20, 2019, Plaintiffs delivered Early Rule 34 Requests to LG under Federal Rule of Civil Procedure 26(d)(2).  Declaration of Simon S. Grille in Support of Plaintiff's Motion to Compel ("Grille Decl." ) ¶ 2 & Ex. A.  The parties held a Rule 26(f) conference on May 28, and  Plaintiffs' requests were deemed served as of that date. Grille Decl. ¶ 3; *see* Fed. R. Civ. P. 26(d)(2)(B).  After requesting an extension of time to respond, LG objected and responded to Plaintiffs' Early Rule 34 Requests on July 2. Grille Decl. ¶ 4 & Ex. B.  LG did not produce any documents with its responses.  Grille Decl. ¶ 5.

On July 15, Plaintiffs sent LG a letter identifying deficiencies in its Responses to Plaintiffs' Early Rule 34 Requests, including LG's failure (i) to provide rule-compliant responses without boilerplate objections; and (ii) to specify an end date for its production. Grille Decl. ¶ 6 & Ex. C.  On July 19, LG produced a limited subset of documents responsive to Plaintiffs' requests.  Grille Decl. ¶ 7.  In accordance with Local Rule 37.1, the parties held a telephone conference on July 25 to discuss LG's responses and the deficiencies noted by Plaintiffs.  *Id.* ¶ 8.  During the conference, LG represented that it had completed its production of documents responsive to Request No. 1 ("Documents concerning the Plaintiffs") and further indicated that it had made partial productions responsive to Requests 7 ("Technical specifications for all materials and components of the Sealed System in LG Refrigerators") and 12 ("Copies of United States marketing materials for the Class Refrigerators—such as print media, television, radio, online advertising, product inserts, and in-store promotional material").  *Id.*

During the July 25 conference, Plaintiffs requested a completion date for production of the remainder of documents responsive to Requests Nos. 7 and 12 and a completion date for production of all documents responsive to Requests Nos. 2–6 and 8– 11 (reproduced below).  *Id.*  Plaintiffs also asked LG to clarify whether it is withholding any documents based on its objections.  *Id.*  LG responded that it was not prepared to

provide a completion date for production, and that it could not specify whether it was withholding documents based on its objections. *Id.*

Also during the July 25 conference, the parties discussed Plaintiffs' definition of the defect, and Plaintiffs provided examples of the types of documents that their Requests seek. *Id.* LG represented that it would send Plaintiffs a letter outlining its anticipated timeline for completing production and clarifying whether documents are being withheld based on its objections by the beginning of the following week. *Id.* ¶ 9. LG did not send such a letter. *Id.* Plaintiffs conferred again with LG by phone on August 6, after the parties' first mediation. *Id.* ¶ 10. Plaintiffs explained that in light of the case schedule (Doc. 24) and the January deadline to move for class certification, it is essential that LG provide a schedule for its production of responsive documents. *Id.* Since then, LG has not produced additional documents or provided the requested schedule. *Id.* The parties' discovery dispute is accordingly ripe for resolution.

## B. Defendant's Introductory Statement

Plaintiffs assert various claims against defendant LG Electronics USA, Inc. ("LG") arising out of an alleged "latent defect" in their LG refrigerators that purportedly causes the refrigerators to temporarily lose their ability to cool Plaintiffs' food. Plaintiffs contend that LG knew of this latent defect yet nevertheless promoted the quality and functionality of its refrigerators. Plaintiffs generally state that the defect that forms the basis of this action refers to the "nature" of the "linear compressor and related parts, including the evaporator in the LG Refrigerators." Complaint ("Compl."), ¶ 51. Plaintiffs concede that they "prefer the features and aesthetics of the LG [r]efrigerators to other refrigerators" and "would like to buy another LG [r]efrigerator," but assert that they "will not do so unless LG takes sufficient steps to cure the defect and ensure the accuracy of its representations about its refrigerators." *Id*. ¶ 34.

By way of background, on May 20, 2019, Plaintiffs served early Rule 34 Requests for Production of documents ("RFPs") on LG by electronic and first-class mail. *See* Declaration of Michael M. Maddigan ("Maddigan Decl.") ¶ 2. The Parties held a

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

telephonic conference pursuant to Federal Rule of Civil Procedure 26(f) on May 28. *Id.* ¶ 3. On July 2, LG served objections and responses to Plaintiffs' RFPs. *Id.* ¶ 4.

On July 15, LG received correspondence from Plaintiffs' Counsel regarding LG's objections and responses to the RFPs. *Id.* ¶ 5. On July 19, LG produced documents responsive to Request No. 1 ("Documents concerning the Plaintiffs"), Request No. 7 ("Technical specifications for all materials and components of the Sealed System in LG Refrigerators") and Request No. 12 ("Copies of United States marketing materials for the Class Refrigerators—such as print media, television, radio, online advertising, product inserts, and in-store promotional material"). *Id.* ¶ 6.

On July 25, the Parties met and conferred to discuss LG's written responses and objections to the RFPs. During the Parties' meet and confer discussion, counsel for Plaintiffs requested from LG a date of completion for the remaining documents responsive to Requests Nos. 1, 7 and 12, and asked (i) whether Plaintiffs should expect a further production from LG in response to Requests Nos. 1, 7 and 12 and (ii) whether LG is withholding documents on the basis of any of its objections to Plaintiffs' RFPs. *Id.* ¶ 8.

On that call, counsel for LG asked for additional information about the nature of the "defect" Plaintiffs allege and explained that Plaintiffs' definition of the"defect" in this case impacts LG's search for documents responsive to several of the Requests, including, by way of example, Request No. 5 (Documents to show the "number of consumers who have complained of Compressor Failure"), No. 8 (Documents "reflecting [LG's] testing of the Sealed System), No. 9 ("Policies, procedures, practices for responding to Compressor Failure complaints and warranty claims received within the warranty period"), and No. 10 ("Policies, procedures, practices for respond to Compressor Failure complaints and warranty claims received outside the warranty period"), among others. *Id.* ¶ 9. For example, LG explained that customers may not call in for repairs because of a "compressor" issue, but simply because the refrigerator is not cooling properly. *Id.* Counsel for Plaintiffs acknowledged several of counsel for LG's points during this meet

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

1  and confer and suggested that LG might internally categorize warranty claims, including

2  through the use of internal codes, in a manner that would help to identify documents

3  relating to the purported defect.  *Id*. ¶ 10.

4        Counsel for LG indicated that they needed to further discuss the scope of these

5  Requests with their client, including potential means for narrowing LG's search and

6  whether using internal codes might help LG do so.  *Id*. ¶ 11.  Counsel for LG also

7  indicated that it would respond to Plaintiffs in writing on these issues (including, if

8  possible, an estimated completion date for production in response to Request No. 7 and

9  Request No. 12), as well as additional issues with respect to the scope of Plaintiffs'

10  Requests.  *Id*. ¶ 11.  The Parties have not yet finalized the stipulated protective order

11  and/or electronically stored information protocol in this case.

12        Plaintiffs now seek to prematurely file a motion to compel the production of

13  documents in this case when the parties have not yet reached impasse and LG remains

14  willing and ready to meet and confer about the appropriate scope of discovery after

15  nearly six weeks dedicated to preparing for and engaging in two separate  mediation

16  sessions with Plaintiffs.  Indeed, Plaintiffs' statement suggests, without expressly saying,

17  that LG has unduly delayed in making a production of responsive documents.  That is

18  incorrect.  Plaintiffs' statement omits certain information that puts the parties' efforts

19  over the past weeks in proper context:

20        First, from the time Plaintiffs filed their Complaint, the Parties have engaged in

21  discussions regarding potential resolution.  On August 1 and August 19, the Parties

22  participated in two mediation sessions before the Honorable Jay Gandhi (Ret.).  *Id*. ¶ 12.

23  Although Plaintiffs' counsel made clear that they did not view the mediation sessions as a

24  justification for any delay in discovery, LG's counsel repeatedly made clear in response

25  that preparing for mediation, as a practical matter, would result in more time being

26  needed to resolve discovery issues. *Id*.   In other words,LG would be focused on locating

27  and sharing with Plaintiffs the information they requested to meaningfully participate in

28  mediation.    Counsel for LG thus prepared for mediation and provided certain

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

information Plaintiffs had requested in connection with and prior to those mediation sessions.n. *Id.*

Second, in addition to the matter pending in this Court, Plaintiffs' counsel filed a similar compressor-related class action against LG in New Jersey District Court on June 7, 2019, asserting a nationwide class. On June 27, 2019, Plaintiffs added a California Plaintiff to that action, making the allegations overlap with this case. *See Bentley, et al. v. LG Electronics USA, Inc.,* Case No. 2:19-cv-13554-MCA-MAH. In addition, two other class actions with similarly overlapping allegations also were filed against LG by other counsel. *See Stangle, et al. v. LG Electronics*, U.S.A., Inc., No. 2:19-cv-15185 (D.N. J. July 11, 2019) (the "*Stangle* action"), and *Tabora, et al. v. LG Electronics*, U.S.A., Inc., No. 2:19-cv-15825 (D. N. J. July 25, 2019) (the "*Tabora* action") (collectively "the New Jersey Actions."). Because of the New Jersey Actions, Defendant's counsel has begun discussing concerns about overlapping and duplicative discovery with Plaintiffs' counsel. Specifically, the Parties have discussed consolidation of the New Jersey Actions, but the Parties have not yet reached any agreements. Defendant therefore has legitimate practical and logistical concerns, raised by the filing of overlapping and duplicative actions in another jurisdiction that should be addressed before discovery can proceed here.

In short, LG's view is that this motion is premature and unnecessary. Any delay on the part of LG in responding to Plaintiffs' discovery requests here is the result of LG's focus on early resolution and on exchanging information for mediation purposes, as well as the logistical complexity introduced by the New Jersey actions, one of which Plaintiffs' counsel has filed. LG understands that Plaintiffs' counsel are aggressively attempting to move this case forward, and to create a record of having done so. But it is critical to note that LG has been reasonable and working in good faith with Plaintiffs' counsel and expects to continue to do so in order to enable the Parties to meet the aggressive schedule set by the Court. That said, the Parties' meet and confer discussions about Plaintiffs' discovery requests and about the relationship between the discovery in

6

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

this case and discovery in the New Jersey Actions are ongoing and should be allowed to come to completion before any discovery motion is filed.

## II.   SPECIFIC ISSUES IN DISPUTE

Plaintiffs seek an order compelling LG to comply with the requirements of Fed. R. Civ. P. 34(b)(2)(B) and (C) and produce documents responsive to Requests for Production Nos. 2–12 of Plaintiffs' First Set of Requests for Production of Documents.

### A.   Fed. R. Civ. P. 34(b)(2)(B), (C)

#### a.   *End date for production*

##### 1.   <u>Plaintiffs' Position</u>

LG does not specify an end date for production of materials responsive to Plaintiffs' First Set of RFPs.  LG must disclose when it will complete its production.  *See* Fed. R. Civ. P. 34(b)(2)(B) (providing that "production must . . . be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."); *Grace v. Apple, Inc.*, No. 5:17-cv-00551-LHK-NC, Amended Order on Discovery Disputes at 2:15–4:10, Doc. 87 (N.D. Cal. Nov. 15, 2017) (ordering defendant to meet specific deadlines for producing each category of responsive documents); *see also Fischer v. Forrest*, No. 14-cv-1304, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) (responses to document requests must "[s]pecify the time for production and, if a rolling production, when production will begin and when it will be concluded.").

The following Requests and Responses are at issue:

**RFP NO. 2:**  Documents reflecting Your analysis of Compressor Failure in LG Refrigerators.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to this Request on the grounds that the definitions of "Compressor Failure" and "LG Refrigerators" as vague, ambiguous, and overly broad. To the extent

7

"Compressor Failure" is defined by the allegations set forth in the Complaint, LG objects on the grounds that such allegations are insufficient to establish a defect. The appropriate scope of discovery in this case depends upon the existence of a defect in LG's refrigerators and such defect must be adequately alleged and defined. In particular, LG objects because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG also objects to the term "analysis" as vague, ambiguous, and undefined. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties, or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 3:**  Documents sufficient to show the models of LG Refrigerators known to You to have experienced Compressor Failure (the "Class Refrigerators").

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to this Request on the grounds that the definitions of "Compressor Failure," "LG Refrigerators," and "Class Refrigerators" are vague, ambiguous, and overly broad. To the extent "Compressor Failure" is defined by the allegations set forth in the Complaint, LG objects on the grounds that such allegations are insufficient to establish a defect. The appropriate scope of discovery in this case depends upon the existence of a defect in LG's refrigerators and such

8

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

defect must be adequately alleged and defined. LG objects to the term "LG Refrigerators" as vague, ambiguous, and overly broad where Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG also objects to the term "experienced" as vague, ambiguous, and undefined. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through   mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 4:**  Documents sufficient to show, by year and model number, the number of Class Refrigerators sold by You or Your authorized resellers.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG object to the term "authorized resellers" as vague, ambiguous, and undefined. LG objects to the term "Class Refrigerators" as undefined and to the extent it is based on the definition of "LG Refrigerators," which is vague, ambiguous, and overly broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine.

9

LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the General and Specific Objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, sufficient to identify the information sought in this Request and as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 5:**  Documents sufficient to show the number of consumers who have complained of Compressor Failure in Class Refrigerators to You, Your authorized repair technicians, and authorized resellers.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG object to the terms "repair technicians," "consumers," "complained," and "authorized resellers" as vague, ambiguous, and undefined. LG objects to the term "Class Refrigerators" as undefined and to the extent it is based on the definition of "LG Refrigerators," which is vague, ambiguous, and overly broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and without waiving the foregoing General and Specific Objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this

10

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 6:**  Documents sufficient to show, by year and model number, the average purchase price paid for the Class Refrigerators.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to the term "Class Refrigerators" as undefined and to the extent it is based on the definition of "LG Refrigerators," which is vague, ambiguous, and overly broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties, or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and without waiving the foregoing General and Specific Objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 7:**  Technical specifications for all materials and components of the Sealed System in LG Refrigerators.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to the phrase "technical specifications" on the grounds that it is vague, ambiguous, and undefined.

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

LG objects to the term "Sealed System" to the extent it includes "materials" and "components" which are vague, ambiguous, and undefined terms. LG further objects to the term "LG Refrigerators" as vague, ambiguous, and overly broad where Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties, or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 8:**  Documents reflecting Your testing of the Sealed System in LG Refrigerators.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case.  LG objects to the phrase "testing" on the grounds that it is vague, ambiguous, and undefined. LG objects to the terms "Sealed System" and "LG Refrigerators" as vague, ambiguous, and overly broad where Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators or Sealed Systems Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties, or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control sufficient to show information responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 9:**  Documents reflecting Your policies, procedures and practices for responding to Compressor Failure complaints and warranty claims received within the warranty period.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to this Request on the grounds that the definition of "Compressor Failure" is vague, ambiguous, and overly broad. To the extent "Compressor Failure" is defined by the allegations set forth in the Complaint, LG objects on the grounds that such allegations are insufficient to establish a defect. The appropriate scope of discovery in this case depends upon the existence of a defect in LG's refrigerators and such defect must be adequately alleged and defined. LG also objects to the terms "policies," "procedures," "practices," "responding," "complaints," and "warranty period" as vague, ambiguous, and undefined. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

its possession, custody, or control sufficient to show information responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 10:**  Documents reflecting Your policies, procedures and practices for responding to Compressor Failure complaints and warranty claims received outside the warranty period.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to this Request on the grounds that the definition of "Compressor Failure" is vague, ambiguous, and overly broad. To the extent "Compressor Failure" is defined by the allegations set forth in the Complaint, LG objects on the grounds that such allegations are insufficient   to establish a defect.  The appropriate scope of discovery in this case depends upon   the existence of a defect in LG's refrigerators and such defect must be adequately alleged and defined.  LG also objects to the terms "policies," "procedures," "practices," "responding," "complaints," and "warranty period" as vague, ambiguous, and undefined. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control sufficient to show information responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer  discussions.

**RFP NO. 11:**  Documents reflecting the average cost to the consumer (including parts and labor) to repair Compressor Failure in a Class Refrigerator.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to this Request on the grounds that the definition of "Compressor Failure" is vague, ambiguous, and overly broad. To the extent "Compressor Failure" is defined by the allegations set forth in the Complaint, LG objects on the grounds that such allegations are insufficient to establish a defect. The appropriate scope of discovery in this case depends upon the existence of a defect in LG's refrigerators and such defect must be adequately alleged and defined. LG objects to the term "Class Refrigerators" as undefined and to the extent it is based on the definition of "LG Refrigerators," which is vague, ambiguous, and overly broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG also objects to the terms "consumers" and "parts" as vague, ambiguous, and undefined. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine.  LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through    mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 12:**  Copies of United States marketing materials for the Class Refrigerators- such as print media, television, radio, online advertising, product inserts, and in- store promotional material.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to the term "Class Refrigerators" as undefined and to the extent it is based on the definition of "LG Refrigerators," which is vague, ambiguous, and overly

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

Each of the above Requests seeks relevant and discoverable documents that are reasonably likely to be probative of issues in the case, including issues relating to class certification. LG's responses do not comply with Rule 34. The responses assert boilerplate or otherwise improper objections followed by a statement that LG is willing to engage in "meet and confer discussions." These responses are inadequate. *See Bragel Int'l, Inc. v. Kohl's Dep't Stores*, No. CV 17-7414 RGK (SSx), 2018 WL 7890682, at *5 (C.D. Cal. Nov. 14, 2018) ("[R]epeated reliance on boilerplate objections and unsupported assertions of privilege, followed by a statement that Bragel is 'willing to meet and confer,' is tantamount to no response at all.").

LG objects to each Request, for example, on the grounds that it seeks "confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business." That blanket objection is improper. *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("[U]nexplained and unsupported boilerplate objections are improper."); *Burlington*

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

*Northern & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005) (boilerplate privilege assertions are ineffective, and a failure to properly assert a privilege may "waive or otherwise abandon the privilege").  Moreover, on May 20, Plaintiffs sent LG a stipulated protective order that tracks this Court's model order. Grille Decl. ¶ 11 & Ex. D.  Despite multiple requests by Plaintiffs, LG did not provide its edits to Plaintiffs' proposal until September 5.  *Id.*

Nine of LG's responses further assert that Plaintiffs' definitions of "LG Refrigerators" and "Class Refrigerators" are "vague, ambiguous, and overly broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing."  *E.g.*, LG's Response to RFP No. 4.  But in fact, Plaintiffs listed the specific model numbers that comprise "LG Refrigerators" in Exhibit A to their Complaint, which the Definitions section of their document requests incorporates.  LG does not explain why Plaintiffs' list of model numbers is vague, ambiguous, or insufficiently specific to allow LG to ascertain the products covered by the requests.

During the parties' telephone conference, to facilitate LG's ability to complete its document search, Plaintiffs also provided additional details about the defect.  In addition, Plaintiffs suggested that LG's internal codes for categorizing warranty claims would assist in identifying documents relating to the defect.  LG indicated that these suggestions would be helpful and agreed to provide a letter with a proposal for production.  LG never provided such a letter.  Two weeks have now passed since the parties' second mediation with Judge Gandhi.  LG still has not produced any documents after its initial, limited production and has not proposed an expected completion date for its production.

The Requests at issue (reproduced above) call for production of four categories of documents: (i) failure analysis, testing, and technical specifications concerning the compressor failures in the LG Refrigerators (Request Nos. 2, 7, 8); (ii) sales and pricing data for the LG Refrigerators (Request Nos. 3, 4, 6); (iii) consumer complaints, LG's

warranty policies, and repair data (Request Nos. 5, 9-11); and (iv) marketing materials (Request No. 12).  Plaintiffs' Requests are narrowly tailored and framed to seek information critical to developing their claims and ensuring their ability to expeditiously move for class certification.

**Failure Analysis, Testing, and Technical Specifications.**  LG's failure analysis and testing concerning the compressor defect, as well as the technical specifications for components of the LG Refrigerators, bear upon the issues of liability, causation, knowledge, and damages.  The District Court upheld Plaintiffs' allegations that LG knowingly sold a defective product.  Doc. 36.  Plaintiffs accordingly seek documents reflecting LG's pre- and post-release testing as well as its analysis of reported failures.  Discovery of these categories of documents will inform the question of whether LG is liable under Plaintiffs' warranty and consumer fraud causes of action.  In addition, failure analysis and technical documents are essential to Plaintiffs' expert's testing and analysis of the LG Refrigerators, particularly with respect to the development of opinions on the root cause of the defect and how it manifests in the class products.

**Sales and Pricing Data.**  LG Refrigerator sales and pricing data is necessary for Plaintiffs' damages analysis.  The price consumers paid for a defective product is a core variable in the determination of economic loss.  *See, e.g.*, *In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 368 (N.D. Cal. 2018) (upholding class-wide damages model that would "calculate 'the difference between the prices customers paid and the value of the [product] they bought—in other words, the price premium attributable to' the alleged misstatements and omissions") (alterations and internal quotations in original); *see also In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 973 (N.D. Cal. 2018) (rejecting *Daubert* challenge to expert's price premium theory in consumer fraud case).  LG has failed to articulate why documents sufficient to show (a) which models have experienced compressor failure (RFP No. 3), (b) how many units of each model were sold, per year, by LG or its authorized resellers (RFP No. 4), and (c) the

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

1  average purchase price, per year, of each model (RFP No. 6) are protected from

2  disclosure by any privilege or other consideration.

3        **Consumer Complaints, Repair Data, and LG's Warranty Policies.**

4  Documents showing the volume of consumer complaints LG has received and LG's

5  policies and practices for responding to them go to the commonality and predominance

6  elements of Rule 23. LG's complaint, warranty, and repair data will demonstrate the

7  nature and extent of the defect and how it has manifested across the proposed class.

8  These data also relate to LG's knowledge of the defect and the adequacy of its remedial

9  procedures. This is "precisely the kind of information which will aid the District Court's

10  analysis of numerosity, commonality, typicality and adequacy under Fed.R.Civ.P. 23

11  and its determination whether class certification is appropriate." *Long v. Hewlett-*

12  *Packard, Co*., No. C06-02816 JW HRL, 2006 WL 3751447, at *3 (N.D. Cal. Dec. 19,

13  2006) (rejecting manufacturer's argument that it should be limited to producing service

14  repair documents for the specific laptop models owned by named plaintiffs and ordering

15  production of responsive documents pertaining to all HP Pavilion laptops manufactured

16  or sold in a three-year period).

17        **Marketing Materials.** Plaintiffs' fraud by omission and consumer protection

18  claims center on LG's failure to disclose the LG Refrigerators' defective nature, despite

19  opportunities to do so. LG's marketing materials are therefore directly relevant to an

20  element of Plaintiffs' claims. *See, e.g.*, *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840,

21  875 (N.D. Cal. 2018), *order clarified*, No. 16-CV-07244-EMC, 2018 WL 1156607

22  (N.D. Cal. Mar. 5, 2018) ("The proper focus in an omission case such as this is,

23  therefore, what channels of information customers depend upon and whether the

24  defendant could have taken action to disseminate information through those channels").

25  LG's consumer research and marketing decisions also "may be relevant to [its] intent,

26  motive, and knowledge" and are therefore discoverable. *Martin v. Monsanto Co*., No.

27  ED CV 16-2168-JFW (SPx), 2017 WL 5172205, at *4 (C.D. Cal. Apr. 10, 2017).

28  Furthermore, "a plaintiff may seek discovery into how a defendant perceived its own

representations, including how it intended consumers to perceive them because it relates to impact on consumer choice and purchasing." *Id*. (citation omitted).

Plaintiffs' deadline to move for class certification is January 31, 2020, and the District Court has made clear that this deadline "will not be continued except upon a showing of good cause, which generally requires unforeseeable circumstances." Doc. 24. Further delay in LG's production will interfere with Plaintiffs' ability to abide by the existing case schedule. The Court rejected LG's argument—repeated below—that Plaintiffs provide insufficient detail regarding the refrigerator defect. *Compare* Doc. 17-1 at 9 (arguing that "Plaintiffs fail to clearly and adequately allege a defect"), *with* Doc. 36 at 7 (holding that "Plaintiffs adequately allege a defect"); *see also* Compl. ¶¶ 39–41, 49–53 (describing the technical basis for the defect). LG should now be ordered to comply with its discovery obligations under the Federal Rules.

Neither LG's boilerplate confidentiality objections, nor coordination with a non-California case arising from similar product failures, excuses LG's delinquent production. First, LG is not permitted to unilaterally withhold responsive material based on assertions of confidentiality. LG must either produce the documents or move for a protective order. *See, e.g.*, *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689-90 (D. Kan. 2004) ("[A]sserting an objection to a discovery request that the documents sought contain trade secrets or proprietary information does not shield the documents from discovery."). As noted above, Plaintiffs sent LG a draft protective order on May 20, but LG has delayed discussing that draft with Plaintiffs and should not be heard to invoke confidentiality given its failure to engage promptly. *See* Grille Decl. ¶ 11 & Ex. D. Indeed, if LG "truly believes it has confidential information that should be protected by a protective order, it should have entered into a stipulated protective order or filed a motion for a protective order before the date by which it was to produce responsive documents." *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009).

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

Second, the existence of a parallel case in New Jersey does not relieve LG of its discovery obligations in this forum.  Recognized "[c]oordination methods" when parallel actions are pending "include arrangements made by counsel."  *Manual for Complex Litigation (Fourth)* § 10.12.  Here, Plaintiffs' counsel share control of the prosecution of the trailing non-California litigation and will ensure that there is no duplication in discovery.  Grille Decl. ¶ 12; *see also Manual for Complex Litigation (Fourth)* § 20.1 ("Filing or cross-filing deposition notices, interrogatories, and requests for production in related cases will make the product of discovery usable in all cases. Relevant discovery already completed should ordinarily be made available to litigants in the other cases. . . . Document production should be coordinated and joint depositories established.") (footnotes omitted).  Plaintiffs' counsel in this case have been in communication with all counsel in the New Jersey litigation, and, given the pendency of this California case, Plaintiffs do not intend to propose certification of a California class in the New Jersey forum.  Grille Decl. ¶¶ 12-13.  Nor do Plaintiffs in this case demand information pertaining to non-California purchases (although Plaintiffs will accept such a broader production if that is easier for LG).  Grille Decl. ¶ 13.  Thus, as discussed in the *Manual*, discovery in the two actions should be coordinated to avoid duplication and minimize expense.

Based on the foregoing, Plaintiffs respectfully request that the Court order LG to produce all documents responsive to the Early Rule 34 Requests and to specify a reasonable end date for the production (*e.g.*, October 15 at the latest).

### 2.    Defendant's Position

LG appreciates Plaintiffs' deadline to move for class certification in this case and seeks to work in good faith to continue to search for and produce documents responsive to the Requests at issue.  Nevertheless, Plaintiffs' position puts the cart before the horse and does not take into account the context LG provides above.  Counsel have a good working relationship and have met and conferred about these Requests.  As Plaintiffs point out, LG has offered to make a proposal to Plaintiff based on those discussions, and

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

1   the ball is in LG's court to do so (and LG intends to do so on or before September 12,

2   2019).  However, LG cannot give an "end date" for production until the parties agree on

3   precisely what LG will produce in response to Plaintiffs' Requests.  Accordingly,

4   additional time is needed for the Parties to meet and confer following LG's proposal to

5   Plaintiffs' counsel.

6          In considering the Parties' discussions to date, it is important to note that Plaintiffs'

7   Requests suffer from numerous shortcomings.  In particular, Plaintiffs' Requests must be

8   narrowed to accurately define the "defect" for purposes of discovery, as limited through

9   mutual agreement by the parties.  Plaintiffs' requests likewise must be limited to reflect

10  the reality that this action has been pled as a putative *California-only* class (not a

11  nationwide class).

12         LG recognizes that the Court denied LG's motion to dismiss, in part, on the ground

13  that the Court found Plaintiffs' allegations regarding the purported "defect" to be

14  sufficient to state a claim.  *See* Dkt. No. 36.  The "Compressor Failure" or "defect" as

15  defined in the Complaint does not resolve issues regarding how Plaintiffs have defined

16  the defect in the context of discovery, a definition that does not allow for a reasonably

17  targeted search for and production of responsive documents in discovery.  Without

18  clarifying and further defining the scope of Plaintiffs' Requests, it will be difficult or

19  impossible for LG to say that it searched for and produced the documents requested by

20  Plaintiffs, due  to (among other things) the vagueness and overbreadth of the Requests.

21  As noted above, Plaintiffs seek four categories of documents from LG: (i) failure

22  analysis, testing, and technical specifications concerning the alleged compressor failures

23  in the LG Refrigerators (Request Nos. 2, 7, 8), (ii) sales and pricing data for the LG

24  Refrigerators (Request Nos. 3, 4, 6); (iii) consumer complaints, LG's warranty policies,

25  and repair data (Request Nos. 5, 9-11), and (iv) marketing materials (Request No. 12).

26         The Requests seeking failure analysis and testing documentation and documents

27  showing consumer complaints and warranty claims, as well as LG's policies and

28  practices for responding to such claims, are unduly burdensome as drafted.  As LG made

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

clear in its objections and responses, the appropriate scope of discovery in this case depends upon the existence of a defect in LG's refrigerators and such defect must be adequately defined.  In meet and confer discussions with Plaintiffs' counsel, LG's counsel made clear that Plaintiffs' failure to be more specific about the models at issue or the nature of the alleged defect has a practical effect on discovery, limiting LG's ability to respond, restricting LG's ability to search for responsive documents, and rendering Plaintiffs' requests overbroad.

For example, LG's internal research shows that the compressor is not always the cause of a temporary loss in a refrigerator's cooling functionality.  In fact, the actions of customers themselves may be a cause.  Further, customers do not typically call in for repairs because their "compressor(s)" failed.  *See, e.g.,* Compl. ¶ 16 (alleging Mr. Sosenko contacted Sears to "request repairs" generally); *id*. ¶ 23 (Terry called LG to report that her refrigerator "began to malfunction, and could no longer dependably cool her food," but does not plead that she informed LG that there was a compressor defect); *id*. ¶ 28-9 (Burrage contacted a repair person after his refrigerator would not stay cool, but does not plead that he informed LG or the repair technician there was a compressor defect).[1]  Accordingly, searches by LG for complaints, warranty claims, and repair data related to any such "Compressor Failure" are bound to result in significant false positives and, potentially, may fail to capture relevant information.  The same is true with respect to analysis of "Compressor Failure(s)" and testing of the Sealed System.  Requiring LG to search for and produce documents concerning all testing conducted of the "Sealed Systems" in refrigerators is not tenable in light of how the defect is presently defined.

---

[1] Further, as counsel for LG made clear in its meet and confer discussion with Plaintiffs, any repair documentation LG possesses would only relate to repairs conducted by ***LG service technicians*** and not by any other third party service technicians Plaintiffs may have contacted.  *See, e.g.,* Compl. ¶ 16 (A Sears Repair Technician diagnosed Sosenko's refrigerator issues); *id*. ¶ 31 (A repair person, not specifically referred to as an LG repair person, replaced Burrage's refrigerator's compressor).

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

Moreover, the putative class in this case is defined as "[a]ll persons who purchased, other than for resale, ***within California***, an LG Refrigerator from LG or its authorized retailers between January 30, 2014 and the present."  Compl. ¶ 76 (emphasis added).  Thus, much of what Plaintiffs seek in discovery—*e.g.*, sales and pricing data, complaints and warranty claims, technical specifications, repair data—must be limited to reflect a California-only scope and the named Plaintiffs' refrigerator models.  For example, it would not make sense for LG to search for and produce repair data or work done by non-California repair technicians on refrigerators purchased outside of California.  The parties seem to be in agreement here based on Plaintiffs' representation above that they do not demand information pertaining to non-California purchases,

The Parties also still need to finalize a stipulated protective order and electronically stored information ("ESI") protocol before discovery can progress toward completion.  Plaintiffs sent a draft protective order and ESI protocol to counsel for LG on May 20.  As described above, at the time, the parties were engaged in early settlement discussions and attended mediation at JAMS on August 1 and, again, on August 19.  Counsel for LG was focused on mediation and on giving Plaintiffs the information they requested for mediation purposes.  Counsel for LG also made clear to Plaintiffs several times that it would be overly burdensome to require LG to substantially respond to discovery where the parties were meaningfully engaged in settlement discussions.   Maddigan Decl. ¶ 12.  At no point has LG "refused" to negotiate the terms of the stipulated protective order.  *Id*. ¶ 7.  Indeed, LG has been reasonable throughout this process.  Given that the Parties' mediation efforts did not result in early resolution, and in light of the fact that the Court denied LG's motion to dismiss, LG recognizes that the discovery will proceed and, to further that effort, LG has sent to Plaintiffs' counsel (on September 5, 2019) a revised stipulated protective order and ESI protocol for review.  *Id.*. Until those documents are finalized, LG cannot begin producing documents responsive to the remainder of Plaintiffs' Requests.

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

| | |
|---|---|
| 1 |     *b.*  *Withholding of responsive materials on the basis of objections* |
| 2 |      1.  <u>Plaintiffs' Position</u> |

LG's objections do not identify whether it is withholding responsive documents, and, if so, in response to which objection as is required under Rule 34(b)(2)(C). *See* Fed. R. Civ. P. 34(b)(2)(C), 2015 Amendment. LG's general and boilerplate objections should be withdrawn. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("General or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."); *Schafer v. Curry*, No. C 08-1881 RMW (PR), 2009 WL 1562957, at *10 (N.D. Cal. June 3, 2009) ("The court warns defendants that they cannot avoid discovery through the invocation of a general objection."); *Breaking the Boilerplate Habit in Civil Discovery*, 51 Akron L. Rev. 683, 685-86 (2017) ("Boilerplate objections are insufficient under Rules 33 and 34, expose the user to expense shifting under Rule 37(a)(5), and presumptively violate Rule 26(g). That much seems universally understood.").

The Court's Standing Order on Discovery Disputes mandates that "[p]arties responding to document requests shall not use boilerplate objections that violate Rule 34(b)(2), as amended in December 2015." LG's responses create the very type of confusion the Rule was designed to prevent. *See* Fed. R. Civ. P. 34(b)(2)(C) advisory committee's note to 2015 amendment ("Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."). Unless LG is compelled to state what

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

materials it is withholding, among other inefficiencies, Plaintiffs will be forced to proceed with depositions without information that may have been improperly withheld, risking the re-opening of such depositions to account for such materials.  Thus, the Court should order LG to supplement its responses to state, by September 30 at the latest, whether it is withholding documents based on its objections.

### 2.   Defendant's Position

Again, Plaintiffs seek to put the cart before the horse.  LG's counsel already represented to Plaintiffs that LG would produce a privilege log that reflects documents withheld from production on the basis of privilege or some other similar or analogous protection from disclosure during the discovery process (*e.g.*, the attorney-work product doctrine or trade secrets).

To the extent Plaintiff seeks to compel LG to do more, Plaintiffs' effort is, at the very least, premature.  In LG's objections and responses to Plaintiffs' RFPs, LG indicated that it "would produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, ***as limited through mutual agreement resulting from the parties' meet and confer discussions***."  The parties have not yet reached impasse and a motion to compel discovery is therefore premature.  Many of LG's objections, as LG's counsel explained to Plaintiff's counsel, are intended to assist the parties in reaching agreement on a mutually acceptable scope for Plaintiffs' requests and LG's search for responsive documents.  LG requests additional time to further meet and confer with Plaintiffs.  To the extent that the parties are unable to reach agreement on the scope of certain of the Requests as described above, LG will supplement its responses to the RFPs to indicate whether it is refusing to produce documents based on its objections.  To the extent LG withholds documents from production in response to a request for which the Parties have agreed upon a mutually acceptable scope, LG will provide a privilege log as described above.

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

1   Dated: September 6, 2019             By:  ___/s/ *Simon S. Grille*___

2

3                                        Daniel C. Girard (State Bar No. 114826)
                                         Jordan Elias (State Bar No. 228731)
4                                        Adam E. Polk (State Bar No. 273000)
                                         Simon S. Grille (State Bar No. 294914)
5                                        **GIRARD SHARP LLP**
6                                        601 California Street, Suite 1400
                                         San Francisco, California 94108
7                                        Telephone: (415) 981-4800
                                         Facsimile: (415) 981-4846
8                                        *dgirard@girardsharp.com*
9                                        *jelias@girardsharp.com*
10                                       *apolk@girardsharp.com*
11                                       *sgrille@girardsharp.com*

12                                       *Attorneys for Plaintiffs*
13

14

15  Dated: September 6, 2019             By:  ___/s/ *Michael M. Maddigan*___

16                                       Michael M. Maddigan
17                                       Vassi Iliadis
                                         **HOGAN LOVELLS US LLP**
18                                       1999 Avenue of the Stars, Suite 1400
19                                       Los Angeles, CA 90067
20                                       michael.maddigan@hoganlovells.com
                                         vassi.iliadis@hoganlovells.com
21

22                                       Phoebe A. Wilkinson (Pro Hac Vice)
23                                       Victoria A. Joseph (Pro Hac Vice)
                                         **HOGAN LOVELLS US LLP**
24                                       390 Madison Ave.
25                                       New York, New York 10017
                                         phoebe.wilkinson@hoganlovells.com
26                                       victoria.joseph@hoganlovells.com

27
                                         *Attorneys for Defendant*
28

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the ECF filer attests that the other signatory listed, on whose behalf the filing is submitted, concurs in this filing's content and has authorized this filing.

/s/ *Simon S. Grille*

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

EXHIBIT 1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 19-00610-JLS (ADSx)                    Date: July 31, 2019
Title:  Gary Sosenko et al v. LG Electronics U.S.A., Inc.
_____

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**


    Terry Guerrero                                 N/A    
    Deputy Clerk                              Court Reporter


  Attorneys Present for Plaintiff:           Attorneys Present for Defendant:

         Not Present                               Not Present

**Proceedings:**          **(In Chambers) SCHEDULING ORDER**

        The Court has received and reviewed the parties' Joint Rule 26(f) Report. (Doc. 22.)  The
Scheduling Conference set for hearing August 2, 2019, is VACATED, and the following
schedule is set.  Counsel's attention is directed to the Court's Civil Trial Order filed concurrently
with this Minute Order.

        The parties were unable to agree upon a schedule.  The Court adopts Defendant's
schedule, modified slightly to conform to the Court's presumptive schedule.  Additional time to
serve rebuttal expert reports has been granted and the schedule has been adjusted accordingly.
(*See* Jt. Rpt. at 7.)

        Below, the Court sets a Rule 23 class certification briefing schedule.  The reports of
experts who will offer opinions related to issues of class certification shall be disclosed no later
than the filing of the motion (Plaintiff) and the opposition brief (Defendants).

        Except for the motion for class certification, counsel shall notice all hearings for the first
available motions date at the time of the filing of the motion, and the deadlines for opposition
and reply briefs shall be in accordance with Local Rule 7-9 and 7-10.  (See
<<http://www.cacd.uscourts.gov/honorable-josephine-l-staton>> for closed civil motions hearing
dates; see also Local Rules 7-9 & -10 (deadlines for opposition and reply briefs).)

        The motion for class certification shall be noticed for hearing on the first available
motions hearing date at the time of the filing of the motion, but no earlier than May 15, 2020.

        The dates and deadlines set forth below will not be continued except upon a showing of
good cause, which generally requires unforeseeable circumstances.  See Fed. R. Civ. P. 16(b)(4).
Failure to conduct discovery diligently or a desire to engage in settlement discussions will not
constitute good cause.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  SACV 19-00610-JLS (ADSx)                    Date: July 31, 2019

Title:  Gary Sosenko et al v. LG Electronics U.S.A., Inc.

The Court will set a trial date and an exhibit conference date at the Final Pretrial Conference.  The parties are directed to confer before the Final Pretrial Conference and to identify in the Proposed Final Pretrial Conference Order mutually agreeable trial dates within the 90 days following the Final Pretrial Conference.  Where the Court's trial calendar permits, the Court will set the trial for a date agreed upon by the parties.

| | |
|---|---|
| Last Day to File a Motion to Add Parties and Amend Pleadings: | October 1, 2019 |
| Last Day to File Motion for Class Certification: | January 31, 2020 |
| Last Day to File Opposition to Motion for Class Certification: | March 20, 2020 |
| Last Day to File Reply in Support of Motion for Class Certification: | May 1, 2020 |
| Fact Discovery Cut-off: | July 3, 2020 |
| Last Day to File Motions (excluding *Daubert* Motions and all other Motions in  Limine): | July 17, 2020 |
| Last Day to Serve Initial Expert Reports: | July 17, 2020 |
| Last Day to Serve Rebuttal Expert Reports: | August 28, 2020 |
| Last Day to Conduct Settlement Proceedings: | September 11, 2020 |
| Expert Discovery Cut-off: | September 25, 2020 |
| Last Day to File *Daubert* Motions: | October 2, 2020 |
| Last Day to File Motions in Limine (excluding *Daubert* motions): | October 23, 2020 |
| Final Pretrial Conference (10:30 a.m.): | November 20, 2020 |
| Trial Estimate:[1] | 7-10 days |

**IT IS SO ORDERED.**

Initials of Preparer:  tg

---

[1] This is the parties' estimate.  The Court may allot fewer days for trial.