Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SOSENKO, DIANE TERRY, and MICHAEL BURRAGE, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>                Defendant. | Case No. 8-19-cv-00610-JLS (ADSx)<br><br>**Discovery Document: Referred to Magistrate Judge Autumn D. Spaeth**<br><br>**STIPULATED PROTECTIVE ORDER** |

# I.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIV(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

# II.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential and/or commercially sensitive information including, but not limited to, confidential business or financial information (including information implicating privacy rights of third parties), information regarding confidential business practices, trade secrets, pricing and sales information, technical information, confidential research and other valuable research, development, and/or proprietary information, information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that

the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. DEFINITIONS

A. Action: *Sosenko v. LG Electronics U.S.A., Inc.*, No. 8:19-cv-00610-JLS (ADSx).

B. Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

C. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement and which Counsel for a Party has designated, in whole or in part, as being produced subject to this Protective Order in accordance with the designation procedures set forth herein in Section VI.

D. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Information that is extremely sensitive "CONFIDENTIAL" Information, disclosure of which would create a substantial risk of harm that could not be avoided by less restrictive means including, but not limited to, (i) trade secrets, (ii) confidential research, (iii) development or commercial information, including but not limited to sensitive financial data, technical information, proprietary or nonpublic commercial information, or commercially or competitively sensitive information, (iv) compensation

information of current or former employees of a Producing Party, (v) confidential information about clients and customers of a Producing Party, or (vi) technical, marketing, financial, sales or other confidential business information; and would not otherwise be adequately protected under the procedures set forth herein for "CONFIDENTIAL" Discovery Material, which Counsel for a Party has designated, in whole or in part, as being produced subject to this Protective Order in accordance with the designation procedures set forth herein in Section VI.

E. <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

F. <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL-ATTORNEYS' EYES ONLY."

G. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I. <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.     <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.     <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.     <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.     <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.     <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

P.     <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.   <u>SCOPE</u>

A.     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.     However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.    **DESIGNATING PROTECTED MATERIAL**

A.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>

1.     Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or

oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.     <u>Manner and Timing of Designations</u>

1.     Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.     Designation in conformity with this Order requires the following:

a.     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum, the legend "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN SOSENKO, ET AL. V. LG ELECTRONICS USA, INC. CASE NO. 8:19-CV-00610" (hereinafter "CONFIDENTIAL" or "CONFIDENTIAL legend"), or "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY: ACCESS RESTRICTED BY PROTECTIVE ORDER IN SOSENKO, ET AL. V. LG

ELECTRONICS USA, INC., CASE NO. 8:19-CV-00610" (hereinafter "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY legend") to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "ATTORNEYS' EYES ONLY legend," as applicable, to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c.      For testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  Alternatively, within thirty (30) days of receipt of a transcript of a deposition, the Designating Party may designate such transcript or any portion thereof as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, by notifying all Parties, in

STIPULATED PROTECTIVE ORDER
CASE NO. 8-19-cv-00610-JLS (ADSx)

writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." All transcripts of depositions shall be treated as "ATTORNEYS' EYES ONLY" for thirty (30) days after receipt of the transcript, or until written notice of a designation is received, whichever occurs first.

d. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as applicable. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. <u>Inadvertent Failure to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

D. <u>Requests To Change Designations</u>: Any Party may request a change in the designation of any information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by providing written notice of each designation it believes should be changed and describing the basis for the proposed change to the Designating Party. The parties shall meet and confer in a good faith attempt to resolve any disputes regarding the proper designations within seven (7) days of the date of service of the written notice. Any such document shall be treated as designated until the Designating Party agrees to change its designation or the Court orders otherwise after providing an opportunity for the Designating Party to be heard. If the requested change in designation is not agreed to,

8

the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the action may be affected. The party or non-party asserting that the material is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

## VII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    <u>Timing of Challenges</u>: Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.    <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

C.    <u>Joint Stipulation</u>:  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

D.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A.    <u>Basic Principles</u>

1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the

STIPULATED PROTECTIVE ORDER
CASE NO. 8-19-cv-00610-JLS (ADSx)

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XII below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Disclosure of "CONFIDENTIAL" Information or Items

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Receiving Party and the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The Court and its personnel;

e. Court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.  Protected material shown to any witness during a deposition shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use, including following the procedures described above; and

i.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound."

C.  Disclosure of "ATTORNEYS' EYES ONLY" Information or Items:

1.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to

a.  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

b.  House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

c.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.  the Court and its personnel;

e.  Court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

f.  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

## IX.  PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party must:

STIPULATED PROTECTIVE ORDER
CASE NO. 8-19-cv-00610-JLS (ADSx)

1.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "<u>ATTORNEYS' EYES ONLY</u>" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

STIPULATED PROTECTIVE ORDER
CASE NO. 8-19-cv-00610-JLS (ADSx)

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

       2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

       3.     Make the information requested available for inspection by the Non-Party, if requested.

    C.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party shall make reasonable and timely efforts to prevent further disclosure and shall promptly (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or

persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

If a Receiving Party intends to disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to a consultant or expert that either is presently employed by or was previously employed by Defendant, is presently employed by Defendants' competitors, or was employed by Defendants' competitors within the previous twelve (12) months, the Receiving Party shall notify Defendant before disclosing such Confidential information and shall give Defendant an opportunity to move for a protective order preventing or limiting such disclosure. Disclosure may be made if no party objects in writing to disclosure within seven (7) days of receiving such notice.

## XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.      When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, or where it is reasonably apparent to a party or non-party that it may have received an inadvertently disclosed or produced protected document the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and in accordance with section VIII of the Stipulated Order Re: Discovery of Electronically Stored Information. Specifically, a party or non-party who knows or reasonably should know that it may have received an inadvertently disclosed or produced protected document shall promptly notify the Producing Party and, upon the Request of the Producing Party, must promptly return or destroy the document, without distributing, disseminating, or reproducing the document, except in the case where the receiving party or non-party intends to challenge the designation of the document as subject to a claim of privilege or other protection, in which case the Receiving Party shall sequester the document until the challenge is resolved. A person or non-party who is notified by a Producing Party that it

has received an inadvertently disclosed or produced protected document must, upon the Request of the Producing Party, promptly return or destroy the document, without distributing, disseminating, or reproducing the document, except in the case where the receiving party or non-party intends to challenge the designation of the document as subject to a claim of privilege or other protection, in which case the Receiving Party shall sequester the document until the challenge is resolved. To the extent the Parties disagree about a privilege designation, the Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. pursuant to Section VII(b) of this Order.

## XIII. <u>MODIFICATION</u>

This Order may be modified only by written agreement of the parties, signed by all parties.

## XIV. <u>MISCELLANEOUS</u>

A.   <u>Right to Further Relief</u>

1.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.   <u>Right to Assert Other Objections</u>

1.   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.   <u>Filing Protected Material</u>

1.   "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" material designated in this Action shall not be filed in the public record in connection with this Action unless such material is filed in its entirety under seal, or redacted by

agreement as contemplated by Local Rule 79-5.2.2. . The Parties acknowledge that this Stipulated Protective Order does not entitle them to file Protected Material under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party shall meet and confer with the Designating Party regarding the redaction of "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" portions of the Protected Material.

## XV. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

STIPULATED PROTECTIVE ORDER
CASE NO. 8-19-cv-00610-JLS (ADSx)

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 11, 2019      By: */s/   Simon S. Grille*

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

*Attorneys for Plaintiffs*

Dated: October 11, 2019      By: */s/ Vassi Iliadis*

Michael M. Maddigan (SBN 163450)
Vassi Iliadis (SBN 296382)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
*michael.maddigan@hoganlovells.com*
*vassi.iliadis@hoganlovells.com*

Phoebe A. Wilkinson (Pro Hac Vice)

18

Victoria A. Joseph (Pro Hac Vice)
**HOGAN LOVELLS US LLP**
390 Madison Ave.
New York, New York 10017
*phoebe.wilkinson@hoganlovells.com*
*victoria.joseph@hoganlovells.com*

*Attorneys for Defendant*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:    October 15, 2019                     /s/ Autumn D. Spaeth

HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issue by the United

States District Court for the Central District of California on _____[DATE] in the case

of *Sosenko v. LG Electronics U.S.A., Inc.*, No. 8:19-cv-00610-JLS (ADSx). I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action. I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

1