Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SOSENKO, DIANE TERRY, and MICHAEL BURRAGE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>Defendant. | Case No.: 8-19-cv-00610-JLS (ADSx)<br><br>**Discovery Document:** Referred to Magistrate Judge Autumn D. Spaeth<br><br>**JOINT STIPULATION REGARDING EXPERT DISCOVERY**<br><br>Discovery cutoff:   July 3, 2020<br>Pretrial conference: November 20, 2020<br>Trial:              None set |

1  The parties to the above-referenced actions, through their respective counsel of
2  record, hereby stipulate to the following regarding the scope of expert discovery relating
3  to all testifying experts and non-testifying experts or expert consultants in this matter.
4      1.    Except as provided otherwise in this Stipulation, expert discovery shall be
5  governed by the Federal Rules of Civil Procedure and any other applicable rule. This
6  Stipulation does not set or alter the time for any disclosure required by Federal Rule of
7  Civil Procedure 26(a)(2)(B) or the timing of any deposition of any testifying expert.
8      2.    To the extent that this Stipulation imposes limitations on discovery that
9  would otherwise be available under the Federal Rules of Civil Procedure, the parties
10 have agreed to those limitations to increase the efficiency of their dealings with
11 testifying experts and to minimize discovery disputes regarding testifying experts.
12 Neither the terms of this Stipulation nor the parties' agreement to them shall be
13 considered an admission by any person that any of the information restricted from
14 discovery by this Stipulation would otherwise be discoverable or admissible.
15     3.    Except as provided in paragraphs 5 and 6 below, the following types of
16 information shall *not* be the subject of any form of discovery, and the parties shall not be
17 obligated to preserve such information in any form or include such information on any
18 privilege log:
19         a.    the content of oral, written or other communications among and
20             between:
21             i. counsel and the expert and/or the expert's staff and/or supporting
22               firms, except as provided by Fed R. Civ. P. 26(b)(4)(C)(i)-(iii);
23            ii. counsel and any non-testifying expert consultant and/or the
24               consultant's staff, except as provided by Fed R. Civ. P.
25               26(b)(4)(C)(i)-(iii);
26           iii. the expert and other experts and/or other non-testifying expert
27               consultants;
28           iv. the expert and their staff and/or supporting firms;

         v. non-testifying expert consultants and their staffs;

         vi. the expert and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants;

         vii. non-testifying expert consultants and the respective staffs and/or supporting firms of other experts or non-testifying expert consultants; and/or

         viii. the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.[1]

    b. notes, drafts, written communications, preliminary or intermediate calculations, computations, or other types of preliminary work created by, for, or at the direction of a testifying expert in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the expert, other expert witnesses, non-testifying experts, consultants or outside or in-house attorneys for the party or parties.

    4. Except as provided in paragraphs 5 and 6 below, no party or their experts are obligated to produce budgets, invoices, bills, receipts or time records concerning the work performed by testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, associates, or other agents, or their companies or organizations, relating to the report, testimony, or services provided in this matter, unless a dispute as to attorneys' fees and expenses arises

---

[1] For avoidance of doubt, suggestions from outside counsel regarding revisions to the form of the expert's report, or additional support for the expert's ultimate opinions are examples of the kind of communications that, under paragraph 3(a), are not subject to discovery.

5. The limitations contained in paragraphs 3 and 4 above shall not apply to any communications, documents, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports.

6. Notwithstanding the limitations contained in paragraphs 3 and 4 above, a testifying expert may be asked to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

7. Within five business days of any party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the expert witness shall produce: the documents, data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits that will be used to summarize or support the expert witness's opinions; and any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs that are produced.[2] All other disclosures required by Fed. R. Civ. P. 26(a)(2)(B) will be served at the time of the report. "Documents, data or other information relied upon" shall include underlying reports, schedules, spreadsheets, coding, or other information sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

8. The information required by paragraph 7 above shall be produced electronically (via email, disc or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format,

---

[2] Notwithstanding the obligation to disclose documents, data, or other information "relied on" by the expert witness, documents, data, or other information that is merely "considered by" the expert witness do not need to be disclosed.

including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software that is reasonably and commercially available (*e.g.*, Microsoft Word, Excel). Documents that are publicly available need not be produced if they are available online for free at an internet address identified in the expert's report/declaration. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

9.  Paragraph 7 above is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any argument, hearing or trial. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure unless otherwise provided by order of the Court. The parties agree to meet and confer regarding the timing and procedure for exchanging demonstratives that may be used with experts during a hearing, trial, or other proceeding.

10. No subpoenas (for depositions or documents) shall be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information required by the Federal Rules of Civil Procedure or this Stipulation, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

11. Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material (including any assumption) on which the expert relies in support of her or his opinion(s) in this matter or that is otherwise discoverable by order of the Court.

12. The parties agree to comply with this Stipulation pending the Court's approval.

**IT IS SO STIPULATED**, through counsel of record.

Dated: October 17, 2019       By:      /s/ *Simon S. Grille*

>Daniel C. Girard (State Bar No. 114826)
>Jordan Elias (State Bar No. 228731)
>Adam E. Polk (State Bar No. 273000)
>Simon S. Grille (State Bar No. 294914)
>**GIRARD SHARP LLP**
>601 California Street, Suite 1400
>San Francisco, California 94108
>Telephone: (415) 981-4800
>Facsimile: (415) 981-4846
>*dgirard@girardsharp.com*
>*jelias@girardsharp.com*
>*apolk@girardsharp.com*
>*sgrille@girardsharp.com*
>
>*Attorneys for Plaintiffs*

Dated: October 17, 2019       By:      /s/ *Vassi Iliadis*

>Michael M. Maddigan
>Vassi Iliadis
>**HOGAN LOVELLS US LLP**
>1999 Avenue of the Stars, Suite 1400
>Los Angeles, CA 90067
>michael.maddigan@hoganlovells.com
>vassi.iliadis@hoganlovells.com

Phoebe A. Wilkinson (Pro Hac Vice)
Victoria A. Joseph (Pro Hac Vice)
**HOGAN LOVELLS US LLP**
390 Madison Ave.
New York, New York 10017
phoebe.wilkinson@hoganlovells.com
victoria.joseph@hoganlovells.com

*Attorneys for Defendant*

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the ECF filer attests that the other signatory listed, on whose behalf the filing is submitted, concurs in this filing's content and has authorized this filing.

/s/ *Simon S. Grille*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: October 18, 2019

/s/ Autumn D. Spaeth
HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge