Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SOSENKO, DIANE TERRY, and MICHAEL BURRAGE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>        Defendant. | Case No.: 8-19-cv-00610-JLS (ADSx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:  February 12, 2020<br>Time:  10:00 a.m.<br>Ctrm:  6B, 6th Floor<br>Judge:  Honorable Autumn D. Spaeth<br><br>Discovery cutoff:      August 14, 2020<br>Pretrial conference:  February 12, 2021<br>Trial:                         None set |

# TABLE OF CONTENTS

I.   INTRODUCTORY STATEMENTS.................................................................. 1

   A.   Plaintiffs' Introductory Statement .................................................. 1

      1.   Case Background .................................................................1

      2.   Discovery to Date................................................................1

   B.   Defendant's Introductory Statement ................................................ 4

II.  SPECIFIC ISSUES IN DISPUTE ......................................................... 7

      1.   Plaintiffs' Position ...........................................................12

         a.   *LG's Failure to Comply with the Order by Specifying Whether It Is Withholding Documents* ..................................12

         b.   *LG's Failure to Produce Documents* .................................13

            i.    Failure Analysis Materials ...........................................13

            ii.   Consumer Complaints and Warranty Claims...............14

            iii.  Agreements with Sears.................................................16

         c.   *LG's Failure to Specify an End Date for Its Production, Including of Sales and Pricing Data* ......................................17

      2.   Defendant's Position........................................................18

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

I.   **INTRODUCTORY STATEMENTS**

A.   **Plaintiffs' Introductory Statement**

1.   Case Background

Plaintiffs assert warranty and consumer protection claims seeking point-of-sale overpayment damages for refrigerators manufactured by LG and equipped with LG's proprietary linear compressor (the "LG Refrigerators"). Dkt. No. 45. Plaintiffs allege that the LG Refrigerators are prone to fail as a result of defective components. When they fail, the refrigerators cannot keep food or beverages cold. Consumers often must wait weeks or months for repairs and have experienced repeat refrigerator failures. Thousands of consumers and LG-authorized repair personnel have reported such failures directly to LG. Partly for this reason, LG has known for years that its refrigerators are defective. But instead of disclosing the defect or providing an effective remedy, LG continues to manufacture, market, and sell the LG Refrigerators.

On June 12, 2019, LG moved to dismiss. Dkt. No. 17. On August 29, the District Court largely denied LG's motion, upholding all of Plaintiffs' claims under California law. Dkt. No. 33. Plaintiffs must file their motion for class certification by March 13, 2020. Dkt. No. 75.

2.   Discovery to Date

On May 20, 2019, Plaintiffs delivered Early Rule 34 Requests to LG pursuant to Federal Rule of Civil Procedure 26(d)(2). Declaration of Simon S. Grille in Support of Plaintiff's Motion to Compel ("Grille Decl.") ¶ 1 & Ex. A. LG objected and responded to Plaintiffs' Early Rule 34 Requests on July 2. *Id.* ¶ 4 & Ex. B. After Plaintiffs sent LG a letter identifying deficiencies in LG's Responses, the parties held a telephone conference on July 25 to discuss LG's responses. *Id.* ¶¶ 6, 8. LG was not prepared to provide a completion date for production and could not specify whether it was withholding documents based on its objections. *Id.* ¶ 8. LG represented that it would send Plaintiffs a letter outlining its anticipated timeline for completing production and clarifying whether documents are being withheld based on its objections. *Id.* ¶ 9.

1

On September 16—after the parties again conferred on August 6, and after Plaintiffs moved to compel LG to produce documents responsive to Plaintiff's First Set of RFPs (Dkt. No. 37)—LG sent Plaintiffs a proposal to produce a limited subset of documents. *Id.* ¶ 10 & Ex. C.  On October 8, this Court ruled on Plaintiffs' Motion to Compel, ordering LG to (1) "supplement its responses to state whether it is withholding documents based on its objections" and (2) "produce all non-privileged documents Defendant agreed in their responses to produce responsive to Plaintiffs' Early Rule 34 Requests" by November 8.  Dkt. No. 61.

On October 24, Plaintiffs sent LG an email requesting confirmation that LG would produce documents as required by the Court's October 8 Order.  *Id.* ¶ 14 and Ex. D.  Plaintiffs noted that LG should produce, for all refrigerator models at issue in the Complaint, root cause and failure analysis; sales data and minimum advertised prices; failure-rate data and consumer-complaint data; and data reflecting repair costs paid by consumers, including for parts and labor.  *Id.*  On October 27, LG responded, claiming that it was only obligated to produce the limited set of documents it proposed in its September 16 letter.  *Id.* ¶ 16.   On October 28, the parties conferred again about Plaintiffs' First Set of RFPs, but LG would not specify an end date for production or whether it would be withholding documents on the basis of its objections.  *Id.* ¶ 17.

On November 8, LG produced a limited subset of documents responsive to Plaintiff's First Set of RFPS.  *Id.* ¶ 21.  LG did not provide supplemental responses to Plaintiffs' First Set of RFPs in accordance with the Court's October 8 Order.  *Id.* ¶ 22.  On November 15, the parties conferred again, and LG represented that it did not intend to provide supplemental responses.  *Id.* ¶ 23.  During the November 15 call, LG also declined to provide an estimated completion date for its production of documents other than representing that it would make a "rolling production" that it would aim to complete before the cut-off of fact discovery.  *Id.* ¶ 24.

On September 19, Plaintiffs served LG with their Second Set of RFPs.  *Id.* ¶ 12 & Ex. E.  On October 24, LG served its responses and objections.  *Id.* ¶ 13 & Ex. F.  On

October 28, the parties discussed LG's responses and objections to Plaintiffs' Second Set of RFPs, including LG's request to confer about the relevance of its agreements with Sears (Request No. 13) and Plaintiffs' request for sales and pricing data (Request No. 17). *Id.* ¶ 17.  Plaintiffs explained the relevance of these materials and noted that sales and pricing data is essential for Plaintiffs' class certification analysis. *Id.*  LG thereafter sent a letter proposing additional productions, and the parties conferred about this proposal on November 4. *Id.* ¶¶ 18-20 & Ex. G.  Plaintiffs identified deficiencies and memorialized them in an email to LG. *Id.* ¶ 20 & Ex. H.  On November 18, the parties conferred again about Plaintiffs' Second Set of RFPs, including Request No. 21, which seeks LG's consumer complaint and warranty data. *Id.* ¶ 25.

Plaintiffs sent LG their portion of this Joint Statement on December 12. *Id.* ¶ 26. Eight days later, before responding with its portion, LG sent Plaintiffs a letter with additional proposals concerning its production of documents. *Id.* & Ex. I.  The proposals in LG's December 20 letter do not resolve the present dispute because LG has not agreed to produce the full scope of documents responsive to the requests at issue and because LG provides no timeline for production. *Id.* ¶ 27.  For example, LG asserts that it has produced service data with "warranty claims made within the warranty period," (Ex. I at 3) but Plaintiffs also seek production of warranty claims made outside the 1-year labor warranty. *Id.*  In addition, LG agrees to produce agreements with Sears (Ex. I at 2) but provides no timeline for this straightforward production. *Id.*  LG, moreover, did not propose search terms until January 10 and the proposed search terms are not comprehensive. *Id.* ¶ 28.  While LG's portion of the Joint Statement references a document production in response to Plaintiffs' Third Set of RFPs, that set consisted of a single document request related to a non-party subpoena issued to a former employee and is not at issue in this motion. *Id.* ¶ 29 & Ex. J.

Thus, despite a long series of proposals, LG still has not produced the documents that will enable the Court to decide class certification on an appropriately developed record.

## B.    Defendant's Introductory Statement

Since the parties' last Joint Stipulation Regarding Plaintiffs' Motion to Compel (*see* Dkt No. 38), the parties have made progress in their meet and confer efforts and discovery in general.  LG has now produced several categories of documents relating to the named Plaintiffs' refrigerator models totaling 7,111 pages in response to Plaintiffs' First Set of Requests for Production.  *See* Declaration of Vassi Iliadis ("Iliadis Decl."), ¶ 2.  The parties also have engaged in numerous meet and confer discussions since then (including on November 4, 15 and 18), and LG has continued to produce documents in response to other Plaintiffs' Requests for Production in this case, such as custodial documents pertaining to consumer complaints and warranty claims regarding purported compressor failure in response to Plaintiffs' Third Set of Requests for Production.  *Id.* ¶¶ 3-4.[1]  For the reasons discussed below, LG does not believe there is an open dispute between the parties as to the categories of documents being requested by Plaintiffs in this Joint Stipulation.

In an effort to streamline the issues, the following background picks up from Plaintiffs' previously-filed discovery motion.  *See* Dkt. Nos. 37 & 38.  On October 8, 2019, this Court granted Plaintiffs' motion to compel.  *See* Dkt. No. 61.  In that Order, the Court required LG to "supplement its responses to state whether it is withholding documents based on its objections" and to "produce all non-privileged documents [LG] agreed in their responses to produce responsive to Plaintiffs' Early Rule 34 Requests" no later than November 8, 2019.  *See id*.

On October 24, 2019, counsel for Plaintiffs sought confirmation from LG that it would produce certain categories of documents "for all models at issue in the complaint"

---

[1] Plaintiffs characterize this as a "single document request related to a non-party subpoena issued to a former employee" in an attempt to diminish LG's discovery activities; however, in response to the Third Set of RFPs,  LG produced several thousand of pages of documents from search terms run across one custodian's entire laptop pertaining to consumer complaints and warranty claims regarding purported compressor failure.

by November 8, 2019 "consistent with the Court's Order."  *See* Iliadis Decl., ¶ 5, Ex. A.

Counsel for LG disagreed with Plaintiffs' position and noted that, by the express terms of the Court's Order, the November 8 deadline applied only to documents that LG had agreed to produce and that LG's position about what it would produce in response to Plaintiffs' First Set of Requests for Production was detailed in its September 16, 2019 letter, which was provided to and reiterated for the Court in connection with the parties' briefing on Plaintiffs' Motion to Compel.  *Id.* ¶ 6, Ex. B.  Counsel for LG further explained that LG agreed to produce, and would produce, the following categories for the named Plaintiffs' refrigerator models:

> (1) Minimum advertised pricing information (RFP Nos. 5 and 6);
>
> (2) Root case analysis (RFP Nos. 2 and 3);
>
> (3) Service rate data (RFP Nos. 2 and 3);
>
> (4) Service work orders for service rendered on the named Plaintiffs' models, in California, where the work order reflects service on the compressor (RFP No. 11);
>
> (5) Pre-market testing materials (RFP No. 8);
>
> (6) LG's warranty policy (RFP Nos. 5, 9, 10);
>
> (7) Technical specifications and service manuals (RFP No. 7); and
>
> (8) Additional marketing materials (RFP No. 12).

*Id.* ¶ 6, Ex. B.

Counsel for LG further indicated that other categories of documents (such as sales data, post-market testing, consumer complaint data, etc.) were not categories that LG represented to Plaintiffs or the Court that it would agree to produce and, therefore, were not subject to the November 8 deadline.  *Id.* ¶ 6, Ex. B.  However, in a good faith effort to compromise, counsel for LG indicated that it would be sending counsel for Plaintiffs correspondence for "expanding the scope of the refrigerator models beyond the named Plaintiffs' models" and addressing the other categories of documents requested by Plaintiffs.  *Id.* ¶ 6, Ex. B.

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

On October 28, 2019, counsel for LG sent a letter to Plaintiffs' counsel following up on the parties' meet and confer efforts regarding Plaintiffs' First Set of Requests for Production.  *See* Iliadis Decl., ¶ 7, Ex. C.  In this letter, counsel for LG explained that it would agree to produce non-privileged documents responsive to the remaining RFPs relating to 61 refrigerator models LG believed were in scope (beyond just the named plaintiffs' models).  *See id*., ¶ 7, and Ex. C at Attachment A.  LG also agreed to produce (i) documents sufficient to show analysis of the "root cause" of any reported cooling issues, (ii) service/repair data regarding reported cooling issues, (iii) post-sale testing materials, and (iv) documents sufficient to show the number of LG refrigerator units LG sold to each of its retailers for the in-scope models.  *Id*. ¶ 7, Ex. C.

On November 8, 2019, LG produced the documents it agreed to produce at the time of the Court's Order and as set forth in counsel for LG's September 16 letter.  Iliadis Decl., ¶ 8.  LG also is in the process of collecting, reviewing, and producing the categories of documents it agreed to produce in its October 28 letter, which it will complete on a rolling basis.  *Id*. ¶ 7.  LG also informed Plaintiffs' counsel during the parties' November 15 meet and confer that LG did not withhold any documents it had agreed to produce by November 8 based on any objections and that LG therefore was not obligated to supplement its responses to Plaintiffs' First Set of Requests for Production.  *Id*. ¶ 9.

Further, as described above, the parties engaged in several meet and confer discussions regarding Plaintiffs' Requests for Production.  Then, on November 21, counsel for Plaintiffs emailed counsel for LG requesting certain documents and stating that Plaintiffs disagreed with LG's relevant time period for discovery in this case, as well as the list of in-scope refrigerator models.  *Id*. ¶ 10, Ex. D.  In an effort to reach compromise, counsel for LG responded on December 20, 2019 outlining its position for the remaining RFPs, which includes producing the categories of documents Plaintiffs seek that are the subject of this Joint Stipulation. *See id.,* ¶ 11, Ex. E.

1
2
3
4
5
6

Pursuant to LG's December 20 correspondence, LG made another production of documents on December 30, 2019 in response to Plaintiffs' Second Set of RFPs.  Iliadis Decl. ¶ 12.  Additional documents are forthcoming and will be produced on a rolling basis.  Further, on January 10, 2020, counsel for LG shared with Plaintiffs reasonably broad search terms that LG intends to use for discovery in this case.  *Id*. ¶ 13.  LG has requested that Plaintiffs respond to the search terms no later than January 17, 2020.  *Id*.

7

## II.   SPECIFIC ISSUES IN DISPUTE

8
9
10
11
12
13
14
15

Plaintiffs seek an order compelling LG to comply with this Court's October 8 Order by stating whether it is withholding documents responsive to Plaintiffs' First Set of Requests based on its objections.  Plaintiffs also seek to compel LG to produce, within 7 days of the date of this Court's Order, all documents in its possession, custody, or control concerning the root cause of the compressor failures, consumer complaints and warranty claims regarding the compressor failures, and its agreements with Sears relating to the marketing, distribution, and/or sale of LG Refrigerators sold under the Kenmore brand.

16
17
18
19
20
21
22
23
24
25

While LG's portion of this Joint Statement indicates that its production of some of these documents will be forthcoming, LG has been making similar representations since Plaintiffs filed their first motion to compel but still has not completed production of responsive documents.  Like LG's response to Plaintiffs' first motion to compel, LG again produced a letter promising production of documents after Plaintiffs sent LG their portion of this joint statement. The letter, however, does not commit to production of the full scope of documents responsive to the requests at issue in this Joint Statement and fails to specify a timeline for the production.  Plaintiffs bring this motion to obtain firm deadlines for LG's production of documents. The following Requests and Responses are at issue:

26
27
28

**RFP NO. 2:**  Documents reflecting Your analysis of Compressor Failure in LG Refrigerators.

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to this Request on the grounds that the definitions of "Compressor Failure" and "LG Refrigerators" as vague, ambiguous, and overly broad. To the extent "Compressor Failure" is defined by the allegations set forth in the Complaint, LG objects on the grounds that such allegations are insufficient to establish a defect. The appropriate scope of discovery in this case depends upon the existence of a defect in LG's refrigerators and such defect must be adequately alleged and defined. In particular, LG objects because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG also objects to the term "analysis" as vague, ambiguous, and undefined. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties, or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 3:**  Documents sufficient to show the models of LG Refrigerators known to You to have experienced Compressor Failure (the "Class Refrigerators").

**RESPONSE:** In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to this Request on the grounds that the definitions of "Compressor Failure," "LG Refrigerators," and "Class Refrigerators" are vague, ambiguous, and overly broad. To the extent "Compressor Failure" is defined by the allegations set forth in the Complaint, LG objects on the grounds that such allegations are insufficient to establish a defect. The appropriate scope of discovery in this case depends upon the existence of a defect in LG's refrigerators and such defect must be adequately alleged and defined. LG objects to the term "LG Refrigerators" as vague, ambiguous, and overly broad where Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG also objects to the term "experienced" as vague,

8

ambiguous, and undefined. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 4:**  Documents sufficient to show, by year and model number, the number of Class Refrigerators sold by You or Your authorized resellers.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG object to the term "authorized resellers" as vague, ambiguous, and undefined. LG objects to the term "Class Refrigerators" as undefined and to the extent it is based on the definition of "LG Refrigerators," which is vague, ambiguous, and overly broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine.

LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and consistent with the General and Specific Objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, sufficient to identify the information sought in this Request and as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 5:**  Documents sufficient to show the number of consumers who have complained of Compressor Failure in Class Refrigerators to You, Your authorized repair technicians, and authorized  resellers.

9

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overly broad, and unduly burdensome, and seeks information that is neither relevant  nor proportional to the needs of this case. LG object to the terms "repair technicians," "consumers," "complained," and "authorized resellers" as vague, ambiguous, and undefined. LG objects to the term "Class Refrigerators" as undefined and to the extent it is based on the definition of "LG Refrigerators," which is vague, ambiguous, and overly broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

Subject to and without waiving the foregoing General and Specific Objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 6:**  Documents sufficient to show, by year and model number, the average purchase price paid for the Class Refrigerators.

**RESPONSE:**  In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overly broad, and unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of this case. LG objects to the term "Class Refrigerators" as undefined and to the extent it is based on the definition of "LG Refrigerators," which is vague, ambiguous, and overly broad because Plaintiffs make no effort to be reasonable with respect to the models of the LG Refrigerators Plaintiffs are referencing. LG further objects to this Request to the extent that it purports to require LG to search files, provide information, or review documents in the possession, custody or control of third parties, or otherwise requires LG to produce information or materials from files other than its own. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request to the extent that it seeks disclosure of confidential, proprietary, trade secret, commercially-protected or other information for which disclosure would be detrimental to the conduct of LG's business without any appropriate showing of compelling need.

10

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

Subject to and without waiving the foregoing General and Specific Objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control responsive to this Request, as limited through mutual agreement resulting from the parties' meet and confer discussions.

**RFP NO. 13:** Agreements relating to the LG Refrigerators, between You and Sears, whether during or prior to the Relevant Time Period.

**RESPONSE:** In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to the Relevant Time Period and scope, and unduly burdensome. Further, LG objects to this Request on the grounds that it seeks information that is neither relevant nor proportional to the needs of this case, and has no application to this case. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request on the grounds that the term "agreements" is vague, ambiguous, and overly broad. LG further objects to this Request on the grounds that it is duplicative of other Requests for Production served on non-parties in this litigation.

Subject to and consistent with foregoing general and specific objections, LG requests to meet and confer with Plaintiffs' counsel regarding the relevance and scope of this Request.

**RFP NO. 17:** Documents reflecting the monthly quantity of each LG Refrigerator You sold to resellers, dealers, or retailers authorized by You to sell LG Refrigerators and the per-unit prices You charged them during each month throughout the Relevant Time Period.

**RESPONSE:** In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to the Relevant Time Period and scope, and unduly burdensome. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request on the grounds that it is duplicative of other Requests for Production served on non-parties in this litigation.

Subject to and consistent with foregoing general and specific objections, LG requests to meet and confer with Plaintiffs' counsel about the relevance and scope of this Request.

**RFP NO. 21:** Claim and complaint files, correspondence and related documents from Your warranty claims and complaint tracking database concerning Compressor Failure

---

11

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE**: In addition to the foregoing General Objections, LG objects to this Request on the ground that it is vague and ambiguous, overbroad as to time and scope, and unduly burdensome. LG further objects on the grounds that this Request seeks information that is neither relevant nor proportional to the needs of this case given that Plaintiffs do not allege a breach of express warranty claim. LG further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or doctrine. LG further objects to this Request on the grounds that the terms "Compressor Failure," "complaint tracking database," "[c]laim," and "complaint" are vague, ambiguous, overly broad and/or undefined.

Subject to and consistent with the foregoing general and specific objections, LG will produce reasonably accessible, non-privileged documents, if any, in its possession, custody, or control sufficient to show information responsive to this Request in regards to LG Refrigerators in California, as limited through mutual agreement resulting from the parties' meet and confer discussions.

1.  Plaintiffs' Position

   **a.   *LG's Failure to Comply with the Order by Specifying Whether It Is Withholding Documents***

   In its Order issued on October 8, this Court stated: "By November 8, 2019 Defendant will supplement its responses to state whether it is withholding documents based on its objections." Dkt. No. 61.  Despite this directive, LG has not supplemented its responses to Plaintiffs' first set of document requests.  When Plaintiffs noted this deficiency during the parties' meet-and-confer session on November 15, LG maintained that it need not supplement its responses, or state whether it is withholding any documents, because it will be producing all documents it agreed to produce.  Grille Decl. ¶ 23.  Nevertheless, the Court's Order directs LG both to produce all non-privileged documents it agreed to produce in its responses to Plaintiffs' first set of document requests ***and*** to state whether it is withholding any documents based on its objections.  Because LG has not complied, the Court should again order it to state whether it is withholding any documents based on its objections.  *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

12

### b.  LG's Failure to Produce Documents

LG has failed to produce a number of documents in the following three substantive categories: (i) failure analysis and testing documents concerning the compressor failures in the LG Refrigerators (Request Nos. 2 & 3), (ii) consumer complaints, including but not limited to warranty claims, and service request data (Request Nos. 5 & 21), and (iii) agreements with Sears, the retailer of the Kenmore-branded refrigerators manufactured by LG (Request No. 13). The requests are narrowly tailored to seek information that is essential for developing Plaintiffs' claims and expeditiously moving for class certification.

### i.   Failure Analysis Materials

On November 8, LG produced what appears to be three composite documents regarding root cause and failure analysis and testing. Grille Decl. ¶ 21. Nearly half of the content in these documents is improperly redacted. *Id.* LG has not provided a privilege log to support these redactions, and has represented that one is not forthcoming. *Id.* Rather, LG explained that it unilaterally chose to redact personally identifiable information and information related to refrigerator models outside the scope of this case and information relating to refrigerators sold outside of California. While Plaintiffs do not take issue with the redactions of personally identifiable information, the redactions for relevance are improper under the Federal Rules. *See IDC Fin. Publ'g, Inc. v. Bonddesk Grp., LLC*, No. 15-CV-1085-PP, 2017 WL 4863202, at *2 (E.D. Wis. Oct. 26, 2017) ("[R]edacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure."). In its portion of this joint statement, LG has represented (for the first time) that it will re-produce root cause documents without redactions if the parties enter a stipulation concerning coordination of discovery in the *Bentley* matter. But no such stipulation is necessary. The parties have now filed a stipulation in this matter, providing "the parties to this case and the parties in *Bentley* have agreed to coordinate the two actions in order to further the convenience of the parties and witnesses, and serve the interests of justice, including by ensuring

13

coordinated discovery proceedings, preventing duplicative depositions, and facilitating Defendant's production of relevant documents." Dkt. No. 74. The stipulation further provides, "the parties agree that documents produced in *Sosenko* may be used in *Bentley* and *vice-versa*." *Id.*

Root cause and failure analyses with respect to the LG Refrigerators are essential to Plaintiffs' proof of liability, causation, and damages. *See* Request Nos. 2 & 3, *supra*. Plaintiffs allege that LG knowingly sold defective products, and Plaintiffs accordingly seek documents reflecting LG's analysis of their reported failures and why these failures occurred. Discovery of these categories of documents will enable Plaintiffs to verify and further describe the defect. Moreover, failure analysis and technical documents are necessary to advance Plaintiffs' expert's testing and analysis of the LG Refrigerators to develop and support his conclusions concerning the root cause of the compressor defect and how the defect manifested across the class. Given the centrality of this material, the Court should compel LG to produce all documents in its possession, custody, or control reflecting its analysis of compressor failures in the LG Refrigerators within 7 days of the date of this Court's Order. *See, e.g.*, *Wilson v. Conair Corp.*, No. 1:14-CV-00894-WBS, 2015 WL 1994270, at *7–8 (E.D. Cal. Apr. 30, 2015) (ordering production of "documents concerning analysis or investigation of problems or failures of" the products at issue); *Tri-State Generation & Transmission Ass'n, Inc. v. Mitsubishi Int'l Corp.*, No. CV-14-08115-PCT-NVW, 2016 WL 3854455 (D. Ariz. July 15, 2016) (ordering production of root cause analysis of generator failure giving rise to claims); *Bethel v. U.S. ex rel. Veterans Admin. Med. Ctr. of Denver, Colo.*, 242 F.R.D. 580, 586 (D. Colo. 2007) ("[T]he United States shall produce the root cause analysis documents to the plaintiffs.").

### ii. Consumer Complaints and Warranty Claims

The consumer complaints and warranty claims that LG has received and processed concerning thousands of failures of the LG Refrigerators are probative of how widespread the products failures are, their similarities, LG's knowledge of these

14

failures, and how it has responded when consumers have been left without a working refrigerator. LG still has not produced this important material. *See* Request Nos. 5 & 21, *supra*. While LG now represents that it will produce consumer complaints, it provides no timeline for the production. With respect to warranty claims, LG asserts that it has produced documents reflecting any warranty claims made within the warranty period, but LG's production only includes warranty claims made for LG Refrigerators with the same model numbers as the named Plaintiffs instead of the full range of models at issue in Plaintiffs' complaint. Moreover, Plaintiffs have been clear that they also seek warranty claims made outside of the warranty period, which LG has not agreed to produce (*see* Ex. I at 3). LG should now be ordered to produce, within 7 days of the date of this Court's Order, all documents in its possession, custody, or control constituting or concerning consumer complaints and warranty claims regarding the failures at issue in this case. The production should include not only the consumer complaints, but also related documents reflecting how LG investigated and responded to those complaints. These documents are "precisely the kind of information which will aid the District Court's analysis of numerosity, commonality, typicality and adequacy under Fed. R. Civ. P. 23 and its determination whether class certification is appropriate." *Long v. Hewlett-Packard, Co*., No. C06-02816 JW HRL, 2006 WL 3751447, at *3 (N.D. Cal. Dec. 19, 2006); *see also ConsumerInfo.com, Inc. v. One Techs. LP*, No. CV 09-3783-VBF(MANX), 2010 WL 11507581, at *3 (C.D. Cal. May 4, 2010) ("The motion to compel as to this request is GRANTED. [Defendant] is hereby ORDERED to produce all complaints by consumers"); *Incorp Servs., Inc. v. Nevada Corp. Servs., Inc.*, No. 2:09-CV-01300-GMN, 2011 WL 686262, at *1 (D. Nev. Feb. 18, 2011) (court noted that it "ordered Defendant to provide . . . any consumer complaints"); *Church of Christ at Azalea Drive v. Forest River, Inc.*, No. 2:11-CV-3371-PMD, 2013 WL 2285934, at *3 (D.S.C. May 23, 2013) (granting motion to compel production of all customer complaints and letters relating to the products at issue).

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

### iii.    Agreements with Sears

LG previously argued that LG Refrigerators marketed and sold by Sears under its Kenmore brand are not properly part of this case. *See* Dkt. No. 17-1 at 2 (arguing that "Plaintiff Sosenko alleges that he purchased a ***Kenmore*** refrigerator ***from Sears***, but the Complaint pleads no facts showing how this purchase gives Sosenko a claim against LG") (emphasis in original); *id.* at 17 (characterizing Sosenko's purchase of "Kenmore-branded LG Refrigerator" as "significant" based on contention that "Sears, not LG, handles all sales, marketing, warranty, and repair activities for the Kenmore brand."). Having put its relationship with Sears in issue, LG should not be permitted to avoid producing the agreements governing that relationship as it concerns the LG Refrigerators.  These business agreements can be expected to show the nature and extent of LG's control of marketing of the Kenmore-branded LG Refrigerators, among other things.  They also are likely to contain terms addressing responses to customers in the event of refrigerator failure as well as any obligations on the part of LG to reimburse or indemnify Sears in the event of refrigerator failures or related liability.  At minimum, the LG-Sears relationship with respect to control and dissemination of customer-facing communications bears upon Plaintiffs' fraud-based claims. *See, e.g.*, *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 875 (N.D. Cal. 2018), *order clarified*, No. 16-CV-07244-EMC, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018) ("The proper focus in an omission case such as this is, therefore, what channels of information customers depend upon and whether the defendant could have taken action to disseminate information through those channels[.]").  LG's decisions on marketing in connection with its products being resold by Sears "may be relevant to [its] intent, motive, and knowledge" and are therefore discoverable. *Martin v. Monsanto Co.*, No. ED CV 16–2168–JFW (SPx), 2017 WL 5172205, at *4 (C.D. Cal. Apr. 10, 2017). Accordingly, the Court should require LG to produce all agreements with Sears in its possession relating to the LG Refrigerators within 7 days of the date of this Court's Order. *See* Request No. 13, *supra*.

### c.   *LG's Failure to Specify an End Date for Its Production, Including of Sales and Pricing Data*

As noted, the deadline for Plaintiffs to move for class certification is March 13. Dkt. No. 75.  In its meet-and-confer sessions with Plaintiffs, LG has refused to state when it will complete its production of responsive documents.  Grille Decl. ¶¶ 8, 17, 20, 24, 27.  Even in its portions of this joint statement where LG promises that document productions will be forthcoming, it says nothing about timing other than to refer to the production as "rolling."  LG should be ordered to specify an end date, as required by the discovery rules.  *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."); *see also, e.g.*, *Evox Prods. v. Kayak Software Corp.*, No. CV 15-5053-PSG (AGRx), 2016 WL 10586303, at *4 (C.D. Cal. June 14, 2016) (stating that a party did "not specify the date for completion of its production.  Accordingly, the court grants [the other party's] motion to compel further written responses"); *Fischer v. Forrest*, No. 14-CIV-1304, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) ("responses to discovery requests must…[s]pecify the time for production and, if a rolling production, when production will begin and when it will be concluded.").

LG's failure to comply with its obligation under the Federal Rules to specify a production end date for its sales data, in particular, risks prejudicing Plaintiffs.  *See* Request No. 17, *supra*.  LG Refrigerator sales volume and pricing data will be critical to Plaintiffs' damages analysis in this case.  Grille Decl. ¶ 15.  A thorough and accurate economic analysis of this market requires detailed information concerning the sales and distribution channels for LG Refrigerators.  *Id.*  While retail prices will be obtained from authorized retailers—many of which Plaintiffs subpoenaed—the prices the retailers paid to LG, and the volume of these sales, also are needed for Plaintiffs' experts' damages models, currently in development.  *Id.*  As a result, it is imperative that Plaintiffs receive this information well in advance of the class certification deadline.  *See, e.g.*, *In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 368

17

(N.D. Cal. 2018), *leave to appeal denied sub nom. Reyna v. Arris Int'l PLC*, No. 18-80099, 2018 WL 6167340 (9th Cir. Nov. 8, 2018) (class-wide damages model would "calculate 'the difference between the prices customers paid and the value of the [Modem] they bought—in other words, the price premium attributable to' the alleged misstatements and omissions) (citation omitted); *see also In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 973 (N.D. Cal. 2018) (rejecting *Daubert* challenge to expert's price premium theory in consumer fraud case).

Plaintiffs thus respectfully request that the Court require LG to specify an end date for its production of documents, including, in particular, an end date sufficiently in advance of Plaintiffs' class certification deadline for documents showing sales and pricing data for LG Refrigerators.

2.    Defendant's Position

As an initial matter, Plaintiffs seek to compel LG to "comply with this Court's October 8 Order by stating whether it is withholding any documents responsive to Plaintiffs' First Set of Requests based on its objections"; however, as previously explained to Plaintiffs, LG has not withheld any documents from the documents LG was ordered to produce on November 8, 2019 on the basis of its objections or on the basis of privilege. Iliadis Decl., ¶ 9. Plaintiffs further seek to compel within seven days of the date of an Order regarding this motion to compel documents concerning (1) root cause of the compressor failure, (2) consumer complaints and warranty claims regarding the compressor failure, and (3) agreements between LG and Sears relating to the marketing, distribution, and/or sale of LG Refrigerators sold under the Kenmore brand. LG will address each of these categories in turn:

***First***, in response to Plaintiffs' request for root cause analysis documents, LG has produced three reports analyzing no-cooling issues. In doing so, LG redacted certain portions of these documents pertaining to refrigerators sold outside of California, out-of-scope refrigerator models, and personal identifiable information ("PII") of non-parties to

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

1    this litigation.  As an initial matter, Plaintiffs take issue with these redactions, claiming

2    that redactions for relevance are improper.

3         However, LG believes redaction of information related to refrigerator models not

4    subject to this action and/or refrigerator models sold outside of California is proper.  This

5    case involves claims brought under California law on behalf of a putative class of

6    California purchasers.  Thus, information about purchases and products outside of

7    California is simply not relevant.  However, in line with the parties' intent to coordinate

8    discovery in this case with discovery in the overlapping New Jersey cases (*Bentley, et al.*

9    *v. LG Electronics U.S.A., Inc*., No. 2:19-cv-13554-MCA-MAH (D.N.J.)), LG will agree

10   to (i) re-produce these root cause documents with unredacted portions pertaining to

11   refrigerators sold outside of California and (ii) produce additional root cause analysis

12   documents in its possession, custody, or control that were not previously produced

13   because they pertain entirely to analysis of refrigerators sold outside of California. ,

14   provided that the parties discuss and finalize logistics regarding coordination of

15   discovery, including finalizing and filing stipulated protective order in *Bentley*. .

16        Further, LG does not dispute that root cause analysis documents are relevant to

17   this case.  In fact, LG has produced the responsive, non-privileged documents currently in

18   scope that, to its present knowledge, it possesses.  That being said, LG intends to run

19   search terms across the custodians selected for this case and will produce any additional

20   responsive, non-privileged documents pertaining to root cause analysis, to the extent they

21   exist, resulting from those searches.[2]

22

23

24   ─────────────────

25   [2] It is important to note that the root cause analysis documents LG has produced to date
     pertain to models beyond the named Plaintiffs' refrigerator models, even though LG had
26   not expressly agreed to produce such information at the time of the Court's October 8
     Order granting Plaintiffs' previous Motion to Compel.  Indeed, at least 14 refrigerator
27   models from the list of models LG believes are in-scope are represented in the root cause
     analysis documents produced to date.
28

19

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

**Second**, as LG noted in its counsel's letter of December 20, 2019, LG has agreed to produce, among other things, (i) customer complaints regarding no-cool issues resulting from LG's customer service phone records[3] and (2) relevant agreements between LG and Sears that relate to LG refrigerators as confirmatory discovery (even though LG does not believe Kenmore-branded refrigerator models are in-scope in this case).  Iliadis Decl. ¶ 11, Ex. E.  And with respect to warranty claims in particular, LG believes that the service data produced to Plaintiffs on November 8 reflects any warranty claims made within the warranty period (parts and labor) because all such claims resulted in service to or repairs of refrigerators.  *Id.*  Plaintiffs further indicate that they would like LG to produce warranty claims made outside of the one-year labor warranty, but the service data that LG has already produced does contain information regarding repairs made outside the one-year labor warranty period. With respect to warranty claims made for LG Refrigerators with model numbers beyond the named Plaintiffs' model numbers, LG has already made clear to Plaintiffs that it intends to produce such data. Accordingly, LG does not believe there is a dispute between the parties with respect to these categories of documents at this stage.

**Third**, LG is committed to complete a rolling production of responsive, non-privileged documents as efficiently as possible and sufficiently in advance of the fact discovery cut-off in this case.  LG will produce the three categories of documents described above (root cause documents, customer complaints, agreements between LG and Sears) that LG can obtain through manual collection (as opposed to search terms) on a rolling basis as soon as possible.  LG also will produce sales and pricing data.  Given that the parties have only begun negotiating search terms (and LG will, of course, need to account for time to review the significant volume of documents resulting from those

---

[3] As described above, LG has already produced custodial documents sufficient to show customer complaints regarding purported no-cool issues in in-scope refrigerator models in response to Plaintiffs' Third Set of Requests for Production.  Iliadis Decl., ¶ 4.

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

searches for responsiveness and privilege), LG will complete production of documents on a rolling basis.

Dated: January 21, 2020          By:  ____ /s/ *Simon S. Grille* ____

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

*Attorneys for Plaintiffs*

Dated: January 21, 2020          By:  ____ /s/ *Vassi Iliadis* ____

Michael M. Maddigan
Vassi Iliadis
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
michael.maddigan@hoganlovells.com
vassi.iliadis@hoganlovells.com

Phoebe A. Wilkinson (Pro Hac Vice)
**HOGAN LOVELLS US LLP**
390 Madison Ave.
New York, New York 10017
phoebe.wilkinson@hoganlovells.com

*Attorneys for Defendant*

21

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)

1

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the ECF filer attests that the other signatory listed, on whose behalf the filing is submitted, concurs in this filing's content and has authorized this filing.

*/s/ Simon S. Grille*

JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL
Case No. 8:19-cv-00610-JLS (ADSx)