# EXHIBIT C



Hogan Lovells US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
T  +1 310 785 4600
F  +1 310 785 4601
www.hoganlovells.com

*By Electronic Mail*

October 28, 2019

Adam E. Polk
Simon S. Grille
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
apolke@girardsharp.com
sgrille@girardsharp.com

Re:     *Sosenko, et. al. v. LG Electronics U.S.A., Inc.* – Requests for Production of Documents, Set One

Dear Counsel:

I am writing to further our meet and confer efforts regarding document production in this case. In particular, this letter will follow-up on our September 26, 2019 meet and confer call regarding the scope of Plaintiffs' Requests, and the position of LG Electronic U.S.A., Inc. ("LG") regarding the production of documents in response to those Requests, as stated in our September 16, 2019 proposal.

In an effort to reach a compromise agreement on the appropriate discovery in this matter, we have thoughtfully considered your responses to our proposal.

As an initial matter, as you requested, we have confirmed that our client does not have in its possession, custody, or control additional documents responsive to Request No. 1 (documents concerning the named Plaintiffs). You also asked whether LG will be producing additional documents in response to Request No. 7 (advertising and marketing materials for Plaintiffs' LG-branded refrigerator models). LG does not believe it has additional documents response to this Request in its possession, custody, or control, but will confirm that is the case and will produce any additional material it identifies.

With respect to the scope of the Requests, you indicated that you believe LG should produce responsive documents relating to each of the refrigerator models set forth in Exhibit A to the initial Complaint, in addition to the named Plaintiffs' models.[1] LG is willing to produce non-privileged documents responsive to the remaining Requests that relate to the models listed in **Attachment A**. We describe LG's position regarding each of the remaining Requests below:

---

[1] Note:  The First Amended Complaint does not appear to list additional refrigerator models or attach any such exhibit.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices: Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar  Zagreb.  Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

Adam E. Polk                                           - 2 -                                    October 28, 2019
Simon S. Grille

### A. Requests Regarding "Compressor Failure" Analysis, Testing, and Service (Nos. 2, 3, 8, 11)

As noted previously, LG will produce reasonably accessible non-privileged documents if any, sufficient to show (i) analysis of the "root cause" of any reported cooling issues, and (ii) service rate data regarding reported cooling issues with respect to the scope of refrigerator models articulated in Attachment A. These documents are responsive to Request Nos. 2 and 3.[2]

As for documents reflecting the "average cost to consumer" of repairs (Request No. 11), we now understand, based on the parties' meet and confer, that you are seeking aggregate data reflecting the total cost of "Compressor Failure" repair across all refrigerator models in the Complaint. As you are aware, the cost for replacing a compressor is fully covered by a 10-year warranty. Thus, the only cost to consumers is the labor cost. LG has no information regarding the labor fees charged by others, including resellers and outside service technicians. Accordingly, LG is willing to produce reasonably accessible documents sufficient to show its labor fee for compressor repairs.

With respect to Request No. 8, which seeks documents reflecting LG's testing of the "Sealed System," you indicated that you believed documents showing the results of post-sale testing also should be considered responsive along with those related to pre-marketing testing. To be clear, LG's September 16 proposal related to pre-market testing of the refrigerator units as a whole – not to testing on the "Sealed System" in particular – because that is the type of testing that LG does. With respect to post-sale testing, LG will produce reasonably accessible documents sufficient to show the results of post-sale testing of the refrigerator models identified in Attachment A, if it occurred.

### B. Requests Regarding Sales and Pricing Data (Nos. 4, 6)

Request Nos. 4 and 6 seek documents reflecting the number of Class Refrigerators sold to authorized resellers by year and model number and the average purchase price paid for the Class Refrigerators by year and model number, respectively. We initially proposed producing information sufficient to show the minimum advertised price information for the named Plaintiffs' refrigerator models. During our call, you explained that you were seeking documents sufficient to show a breakdown containing information related to the number of models sold by LG to authorized resellers and other third parties.

---

[2] These documents would be limited to documents in LG's possession. As stated in our September 16 proposal, LG does not possess and cannot produce documents relating to repairs conducted by third-party service technicians Plaintiffs may have contacted. In addition, as we have repeatedly explained, LG does not possess certain materials for non-LG branded (or, in this case, Kenmore-branded) refrigerators.

Adam E. Polk  - 3 -  October 28, 2019
Simon S. Grille

As we explained in our September 16 proposal, LG only sells refrigerator units to intermediate retailers and vendors (***not*** directly to consumers), and you have already served subpoenas on non-party retailers seeking documents sufficient to show the purchase price, purchase date, identity of the purchaser, among other categories. In an effort to compromise, however, LG will agree to produce documents sufficient to show the number of refrigerator units sold by LG to each of its retailers for the models outlined in Attachment A. Please note that LG does not have information regarding the price at which retailers themselves sold the refrigerators or the location of those sales.

### C. Requests Regarding Consumer Complaints, Warranty Claims, and LG's Policies Regarding Such Claims (Nos. 5, 9, 10)

In our initial proposal, we agreed to produce LG's warranty policy in response to these Requests, and we shared our belief that the other information you seek would be demonstrated by the documents we offered to produce in response to the other Requests. During our call, you explained that you sought documents beyond those we initially offered to produce and explained that you had envisioned receiving documents regarding complaints about "Compressor Failure" that were not related to warranty claims. In light of your clarification, LG will search for and produce available service documentation that resulted in compressor repairs. However, with respect to Plaintiffs' request for warranty policy-related documents (e.g., LG's procedures for handling warranty claims), LG does not believe such information is relevant given that Plaintiffs do not allege a breach of express warranty claim and requests to meet and confer about this issue (as LG indicated in its recent responses to Plaintiffs' Second Set of Requests for Production).

As we have said before, LG is committed to working with Plaintiffs in good faith to negotiate an appropriate scope for the outstanding Requests. Thank you for your professional courtesy and cooperation in this matter.

Regards,

*[signature]*

Michael M. Maddigan

Partner
(310) 785-4727
michael.maddigan@hoganlovells.com

Adam E. Polk  - 4 -  October 28, 2019
Simon S. Grille

## ATTACHMENT A

| No. | Model |
|---|---|
| 1 | LFC28768SB |
| 2 | LFC28768ST |
| 3 | LFC28768SW |
| 4 | LFCS31626S |
| 5 | LFX28968D |
| 6 | LFX28968SB |
| 7 | LFX28968ST |
| 8 | LFX28968SW |
| 9 | LFX29927SB |
| 10 | LFX29927ST |
| 11 | LFX29927SW |
| 12 | LFX29945ST |
| 13 | LFXC24726D |
| 14 | LFXC24726S |
| 15 | LFXC24796D |
| 16 | LFXC24796S |
| 17 | LFXS24623B |
| 18 | LFXS24623D |
| 19 | LFXS24623S |
| 20 | LFXS24623W |
| 21 | LFXS24663S |
| 22 | LFXS29626B |
| 23 | LFXS29626S |
| 24 | LFXS29626W |
| 25 | LFXS29766S |
| 26 | LFXS30726S |
| 27 | LFXS30766D |
| 28 | LFXS30766S |
| 29 | LFXS30796D |
| 30 | LFXS30796S |
| 31 | LMXC23746D |
| 32 | LMXC23746S |
| 33 | LMXS27626D |
| 34 | LMXS27626S |
| 35 | LMXS27676D |

| | |
|---|---|
| 36 | LMXS30746S |
| 37 | LMXS30776D |
| 38 | LMXS30776S |
| 39 | LPXS30866D |
| 40 | LSFD2491ST |
| 41 | LSFXC2476D |
| 42 | LSFXC2476S |
| 43 | LSXC22386D |
| 44 | LSXC22386S |
| 45 | LSXC22396D |
| 46 | LSXC22396S |
| 47 | LSXC22426S |
| 48 | LSXS22423B |
| 49 | LSXS22423S |
| 50 | LSXS22423W |
| 51 | LSXS26326B |
| 52 | LSXS26326S |
| 53 | LSXS26326W |
| 54 | LSXS26336D |
| 55 | LSXS26336S |
| 56 | LSXS26336V |
| 57 | LSXS26366D |
| 58 | LSXS26366S |
| 59 | LSXS26386D |
| 60 | LSXS26386S |
| 61 | LSXS26396S |