# EXHIBIT E



Hogan Lovells US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
T  +1 310 785 4600
F  +1 310 785 4601
www.hoganlovells.com

*By Electronic Mail*

December 20, 2019

Adam E. Polk
Simon S. Grille
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
apolke@girardsharp.com
sgrille@girardsharp.com

Re:   *Sosenko, et al. v. LG Electronics U.S.A., Inc.* - **Requests for Production of Documents, Set Two, and Special Interrogatories**

Dear Counsel:

    This letter follows up on our November 15, 2019 meet-and-confer conversation and your email of November 21, 2019 regarding Plaintiffs' Requests for Production of Documents, Set Two, and Interrogatories, Set One.

    As an initial matter, we understand you disagree with our proposed relevant time period for discovery. With respect to time period, LG believes, as we previously have noted, that the appropriate and relevant time period is February 1, 2014 through December 31, 2017, and should be further limited by the applicable statutes of limitation for each of your claims in this case. Rather than offering a counter-proposal and negotiating with LG, you have simply insisted on the time period proposed in your requests. This time period spans nearly *six years* (January 1, 2013 to the present) and goes beyond when any named Plaintiff alleges to have purchased a refrigerator in this case. It even extends to materials that you "prepared, received, or reviewed *outside of this period*." Further, for certain RFPs, you are requesting documents created *at any time* during the *lifecycle* of an LG Refrigerator whether during or prior to the Relevant Time Period, which you have said you believe may go back as far as 2001 or 2002. There is no basis for this essentially unlimited time period. Plaintiffs' proposed time period is unreasonably broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

    We also know that you disagree with LG's position about the scope of the refrigerator models encompassed by Plaintiffs' allegations. As with your position regarding the applicable time period, we have articulated to you the criteria we used for selecting the in-scope models.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.   Associated Offices: Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar  Zagreb.   Business Service Centers: Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

Adam E. Polk                                      - 2 -                          December 20, 2019
Simon S. Grille

Specifically, we selected (i) LG-branded models that have a service rate higher than 1 percent relating to this action, <u>and</u> (ii) LG-branded models where more than 1,000 were manufactured, within the applicable time period.  Besides referring us back to the extensive list of models in your complaint, you have not explained why this approach is insufficient.

Although we appreciate our constructive working relationship and your professional approach, we do not think you have exhausted our meet and confer efforts with respect to either the applicable time periods or the in-scope refrigerator models. Plaintiffs have not made a meaningful counter-proposal on either point, despite the reasonableness of LG's positions outlined in the preceding paragraphs. We think it would be premature and inappropriate for you to file a motion to compel addressing these issues. Instead, before you file a motion to compel addressing these issues, we request that Plaintiffs make a counter-proposal that (a) outlines a reasonable timeframe tied to the facts and circumstances of this case, and (b) considers the practical limitations of LG producing documents for every model listed in the FAC (including Kenmore-branded models for which LG has limited information) over the lifecycle of a refrigerator containing a linear compressor. We think it would be inappropriate for Plaintiffs to seek relief through intervention by the Court without making a good faith effort to resolve the parties' disputes without seeking resolution by the Court.

Plaintiffs also asked LG to specify the dates by which responsive documents will be produced.  LG has committed to complete a rolling production as quickly as possible. However, you have asked for input into our search terms and we have not yet come to final agreement about these terms, so it does not make sense for LG to select an arbitrary date by which production for certain categories of documents will be complete.  LG will produce documents as quickly as reasonably possible, while maintaining its right to first review documents collected for privilege, responsiveness, etc.  Just as LG shared the list of custodians it has selected for this case with Plaintiffs, LG also intends to share reasonably broad search terms for discovery in this case with Plaintiffs by Tuesday, December 24.

### A.  <u>Requests Regarding Agreements between LG and Sears (No. 13)</u>

Although LG does not believe Kenmore-branded refrigerator models are in scope for reasons we have explained, as stated in my letter of November 22, 2019, in an effort to compromise, LG agrees to produce relevant agreements regarding between LG and Sears that relate to LG-branded refrigerators.

Adam E. Polk  - 3 -  December 20, 2019
Simon S. Grille

### B. Requests Regarding Written Warranties (No. 18)

LG has now produced all written warranties for in-scope refrigerator models. As we explained, those written warranties are contained within the owner's manuals we produced for the in-scope models on November 8. Accordingly, LG believes no further production is required and that production for this particular Request is complete.

### C. Requests and Interrogatories Regarding Consumer Complaint Information (Nos. 19, 21; Rog. No. 4(a))

As noted in my letter of November 22, LG has agreed to search customer service phone records to identify references to no-cooling issues in customers' complaints and produce responsive documents resulting from that search. With respect to warranty claims in particular, LG believes that the service data produced to Plaintiffs on November 8 reflects any warranty claims made within the warranty period because all such claims resulted in service to or repairs of refrigerators. As we have discussed several times, LG has no way to track "compressor failures" other than to review service/repair data showing where a compressor may have been replaced or sealed system has been repaired, which we have produced to you.

### D. Requests Regarding Agreements between LG and Retailers (Nos. 15, 20)

As we have noted, LG agrees to produce relevant agreements between LG and certain retailers/resellers regarding LG refrigerators. Specifically, LG will produce agreements between LG and the following entities who make up more than 1% of net sales of LG Refrigerators, in addition to Sears: The Home Depot, Lowe's Companies, Inc., Best Buy, Costco, Gregg Appliances, Conn Appliances, Almo Corporation, Pacific Sales Kitchen & Bath, R.C. Willey Home Furnishing, J.C. Penney Corporation, Menard, Inc., Nebraska Furniture Mart, Dynamic Marketing. With respect to documents reflecting reimbursement or remuneration LG paid to retailers/resellers, LG will produce documents sufficient to show such information.

### E. Requests Regarding Organizational Charts (No.22)

We are working to provide these documents to you. Specifically, LG intends to produce organizational charts relating to the refrigerator units in its possession, custody or control by Monday, December 23. With respect to organizational charts for design, development, and/or manufacturing, we have explained to you that LGEUS does not perform such functions and therefore does not possess organizational charts or employee lists for these areas. That said, LG will produce any such documents it has in its possession, custody, or control on a rolling basis.

Adam E. Polk  
Simon S. Grille

- 4 -

December 20, 2019

**F.  Requests Regarding Documents and Communications between LG and Repair Technicians, Resellers, and Customers, and between LG Employees (Nos. 23, 24)**

As discussed, RFP Nos. 23 and 24 are overly broad and unduly burdensome in that they seek documents and communications between LG and *each and every* repair technician, retailer/reseller, and customer and – for at least two of these Requests – documents and communications going back 20 years.  LG has proposed a list of custodians for this case and will run appropriate and reasonably broad search terms across those custodians for responsive documents within the relevant time period for each of these Requests.

**G.  Requests Regarding Part Number for Sealed System Components (No. 26)**

As we explained, we are not aware that LG has any comprehensive list of each part number for every component of the sealed system; however, LG will produce all non-privileged, reasonably accessible documents sufficient to show part numbers from LG's service records to the extent they exist in response to this Request.

**H.  Requests Regarding Engineering, Technical, and/or Quality Control Documents (Nos. 27, 28, 29, 30)**

LG will produce quality control procedure documents subject to its objections and to the extent such documents are reasonably accessible.   With respect to RFP No. 30, LG has already produced non-consumer facing service manuals.  As for the remaining RFPs noted above, LG will produce engineering, manufacturing and/or technical-type documents, subject to its objections and to the extent such documents are reasonably accessible.

**I.  Requests Regarding Documents from Other Cases (Nos. 31, 32, 33)**

RFP Nos. 31, 32, 33 seek documents, deposition transcripts, and expert reports from other court cases related to "sealed system failures."  LG stands on its objections to these Requests, as they are unduly burdensome, unreasonable, and irrelevant. Plaintiffs have failed to address why they should be entitled to such discovery, especially where separate protective orders govern the other cases' discovery proceedings.  Further, the only other case against LG that Plaintiffs have referenced in any pleading, letter or communication otherwise—*Clark v. LG Elecs. USA, INC.*, No. 3:13-cv-485-JM (S.D. Cal. May 15, 2015)—does not concern the purported sealed system or compressor failures that form the basis of this case.  Asking LG to produce every document, expert report, deposition transcript, and document from prior cases is simply inappropriate.

Adam E. Polk  - 5 -  December 20, 2019
Simon S. Grille

### J. Requests Regarding Document Retention Policy (No. 35)

We have confirmed that LG did not have a document retention policy during the Relevant Time Period.

### K. Interrogatories, Set One

With respect to Interrogatory No. 1(a), LG has informed you that it does not possess certain information for non-LG branded refrigerators, such as Kenmore-branded refrigerators, and does not possess a complete set of documents sufficient to identify the SKU for every in-scope refrigerator model. That said, LG is investigating whether there are documents it can produce sufficient to identify the SKU numbers for the in-scope refrigerator models. LG also believes that Plaintiffs can ascertain the information it seeks in this Interrogatory through service and repair records, and/or the UPCs in documents already produced. As you know, under the Federal Rules of Civil Procedure, it is permissible for LG to respond to an interrogatory by referring Plaintiffs to produced documents.

For Interrogatory Nos. 1(b) and (c), your statement that LG refuses to respond to the interrogatories is incorrect. Rather, LG's response notes that it does not possess the requested information about the construction of the Sealed System, and design, engineering, and manufacturing of LG refrigerators. However, as noted in its responses, LG will provide the names and titles of individuals with supervisory or management authority involved in testing, warranting, distribution, promotion, and sale of the LG Refrigerators. Further, LG will amend its response to this Interrogatory to identify a different individual for warranty information and sales information in line with LG's amended initial disclosures.

For Interrogatory Nos. 1(d) and (e), LG will agree to produce information sufficient to show purchase price/sales information for the refrigerator models listed on Attachment A of our October 28, 2019 meet and confer letter that LG sold to retailers. LG will produce information in document form pursuant to Rule 33(d) in lieu of a written response. LG will make such a production as efficiently as reasonably possible.

For Interrogatory No.1(f), LG intends to stand on its objection because compiling a list for Plaintiffs of the "ten (10) sources of [refrigerator] failure that occur most frequently" would require LG to independently conduct a root cause investigation and analysis of its service repair records that would, if performed, be unduly burdensome and potentially constitute privileged attorney-work product. LG has produced service documentation. Plaintiffs are free to review those documents and conduct its own analysis.

For Interrogatory Nos. 2 and 3, LG will supply the names and addresses (to the extent those addresses are reflected in LG's records) of resellers and authorized repair technicians;

Adam E. Polk  - 6 -  December 20, 2019
Simon S. Grille

however, as I explained to you during our meet and confer, LG may not possess a current mailing address for each of these entities or technicians.

With respect to Interrogatory Nos. 4(b) through (c), and 5, LG did not substantively respond because Plaintiffs' Interrogatories exceed the allowable limitation on the number of Interrogatories, including discrete subparts, as set forth by Rule 33.  Plaintiffs seem to disagree on how LG counted the number of Interrogatories and subparts in Set One. Therefore, in an effort to clarify LG's position, we have explained below how we have identified and counted the number of Interrogatories and subparts:

- Interrogatory No. 1(a) contains six (6) subparts because it requires LG to identify, by model number and brand, (1) the SKU for each LG-branded refrigerator; (2) the UPC for each LG-branded refrigerator; (3) the SKU for each Kenmore-branded refrigerator manufactured by LG; (4) the UPC for each Kenmore-branded refrigerator manufactured by LG; (5)  the SKU for each Kenmore-branded refrigerator sold; and (6) the UPC for each Kenmore-branded refrigerator sold.

- Interrogatory No. 1(b) contains four (4) subparts because it requires LG to identify and describe in detail any and any (1) materials, (2) components, (3) processes and (4) methods used to construct the Sealed System in the LG Refrigerators.

- Interrogatory No. 1(c) contains eight (8) subparts because it requires LG to identify each person with supervisory or management authority involved in (1) design, (2) engineering, (3) manufacturing, (4) testing, (5) warranting, (6) distribution, (7) promotion, and (8) sale of the LG Refrigerators.

- Interrogatory Nos. 1(d). 1(e), and 1(f), do not contain more than one discrete subpart each. That is, LG believes these interrogatories and subparts constitute one interrogatory apiece, for a total of three (3) interrogatories combined.

-  Interrogatory No. 2 contains two (2) subparts because it requires LG to identify (1) names and (2) mailing addresses of all authorized resellers, retailers, and dealers of LG Refrigerators in the United States.

- Interrogatory No. 3 contains two (2) subparts because it requires LG to identify (1) names and (2) mailing addresses of all authorized repair technicians who repaired LG refrigerators in the United States.

- Interrogatory No. 4(a) contains two (2) subparts because it asks LG to identify and describe codes and phrases LG used to catalogue, track, or otherwise describe

Adam E. Polk  - 7 -  December 20, 2019
Simon S. Grille

      the purported "compressor failures" relating to the Sealed System in (1) LG-manufactured refrigerators and (2) LG-sold refrigerators.

      Because Interrogatory Nos. 1 through 4(a) already contain twenty-seven (27) subparts, and Set One goes through Interrogatory No. 5, Plaintiffs' Interrogatories exceed the allowable number of Interrogatories. Beyond Interrogatory 4(a), LG has identified six (6) subparts between Interrogatory Nos. 4(b), 4(c), and 5. Despite the fact that Plaintiffs' improper use of subparts effectively has permitted them to propound a greater number of interrogatories than allowed by the Federal Rules or the Court's case management order, LG agrees to respond to the interrogatories that Plaintiffs have propounded, provided that (i) Plaintiffs will agree to respond to the same number (33) of interrogatories from LG, should LG choose to propound them, and (ii) Plaintiffs agree to not propound additional interrogatories in this matter.

Regards,

*/s/ Vassi Iliadis*

Vassi Iliadis

Senior Associate
(310) 785-4640
vassi.iliadis@hoganlovells.com